IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-50170

Summary Calendar
_____


MICHAEL D. GRAY,

                                        Plaintiff-Appellant,

v.

BEXAR COUNTY SHERIFF'S CIVIL SERVICE COMMISSION;
RALPH LOPEZ, Sheriff,

                                        Defendants-Appellees.


_____

Appeal from the United States District Court
for the Western District of Texas
(SA-94-CV-717)
_____
October 13, 1997
Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-appellant Michael D. Gray appeals the district

court's grant of summary judgment in favor of defendants-appellees

Bexar County Sheriff's Civil Service Commission and Ralph Lopez.

We affirm the judgment of the district court.

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. BACKGROUND

On May 4, 1992, after stopping plaintiff-appellant Michael D. Gray ("Gray") for a traffic violation, San Antonio police found six rocks of cocaine in the ashtray of his car. The police arrested Gray for illegal possession of under twenty-eight grams of cocaine.

At the time of his arrest, Gray was employed by the Bexar County Sheriff's Department ("Department") as a detention officer in the Bexar County Adult Detention Center. Following Gray's arrest, the Department served Gray with a Notice of Proposed Dismissal and placed him on administrative leave without pay, effective May 4, 1992. Gray responded with a letter denying that he had violated any Department rules. He was subsequently tried and acquitted of the possession of cocaine charge on January 3, 1994, and he then requested that the Department reinstate him.

On January 18, 1994, the Internal Affairs Department ("IAD") ordered Gray to submit a Supplemental Report and gave him a set of interrogatories to answer; Gray complied with both requests. The IAD then ordered Gray to appear at a meeting on February 4, 1994. Gray requested that he be allowed to bring his attorney to the meeting, but the IAD refused his request, later explaining that Gray was "not entitled to have legal counsel present during an investigative interview concerning an administrative situation." Although Gray appeared at the meeting as requested,

2

on the advice of counsel he refused to cooperate or to answer any questions. The IAD then orally requested that Gray submit a written report, and he refused. In response, the IAD ordered him in writing to submit the report. The order contained the following warning to Gray: "[Y]our continued failure to comply with this order will result in disciplinary action being taken against you that may include your immediate dismissal from your employment with the Bexar County Sheriff's Department." Gray acknowledged receipt of the order and signed a statement at the bottom indicating that he would not comply with it.

On the same day, Gray's attorney mailed a letter to Sheriff Lopez and the IAD claiming that Gray's refusal to comply with the order was due to the fact that he did not know what the subject matter of the report was meant to be. Attached to the letter was a signed statement by Gray which read:

> In response to your order of February 4, 1994, the following information is submitted:
>
> I do not know the subject matter upon which you request a report. Therefore, I cannot make an intelligent report.

The IAD deputy chief responded to the letter, explaining Gray's then-current situation. The deputy chief stated that Gray's refusal to cooperate or answer any questions when IAD officers attempted to interview him on February 4, 1994 regarding a continuing internal investigation constituted insubordination and that the IAD would therefore recommend that Gray be terminated

3

for misconduct.

On February 18, 1994, Gray received a Notice of Proposed Dismissal based on the May 4, 1992 arrest. The notice stated that, despite Gray's acquittal and his claim to have no knowledge about the cocaine found in his vehicle, "the preponderance of the evidence indicates that [he] did." In a letter dated February 24, 1994, Gray denied any misconduct and requested a hearing.

On March 10, 1994, Gray was given a Loudermill hearing, to which he was permitted to bring counsel. The Department issued the Order of Dismissal six days later, and Gray appealed it to the Bexar County Sheriff's Civil Service Commission ("Commission"). After a hearing on June 14, 1994, at which Gray was again represented by counsel, the Commission denied Gray's appeal. Gray then filed suit in the 225th Judicial District Court of Bexar County, Texas pursuant to § 158.037 of the Texas Local Government Code. TEX. LOC. GOV'T CODE ANN. § 158.037 (West 1988). Defendants-appellees subsequently removed the case to federal district court pursuant to 28 U.S.C. § 1331 because Gray's petition alleged causes of action arising under the Constitution and laws of the United States.

Before the district court, Gray argued that the Commission's ruling should be reversed for several reasons. First, he claimed that it was not supported by substantial evidence. Second, he argued that the method of selection of some of the commission members violated the U.S. and Texas Constitutions. Third, he

4

contended that he was denied his constitutional right to counsel during the investigative process. Defendants-appellees moved for, and the district court granted, summary judgment on all of the claims. Gray now appeals that decision, reiterating his argument that he was denied his right to an attorney at the February 4, 1994 meeting and that the Commission's ruling was not supported by substantial evidence.

## II.  STANDARD OF REVIEW

We review a grant of summary judgment de novo, applying the same criteria that the district court used in the first instance. Kemp v. G.D. Searle & Co., 103 F.3d 405, 407 (5th Cir. 1997). We consult the applicable law in order to ascertain the material factual issues, and we then review the evidence bearing on those issues, viewing the facts and inferences to be drawn therefrom in the light most favorable to the nonmovant. King v. Chide, 974 F.2d 653, 656 (5th Cir. 1992). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). We note, however, that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to preclude summary

judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1985).

## III. DISCUSSION

Gray argues that he was denied his right to counsel as guaranteed by the Texas and U.S. Constitutions. He further argues that the district court misapplied the substantial evidence rule in its review of the Commission's decision. We address each of these issues in turn.

### A. Right to Counsel

Gray first argues that the district court erred by applying the substantial evidence rule despite an alleged constitutional infirmity in the process. In support of this argument, Gray contends that the IAD's refusal to allow his attorney to be present during all parts of the investigative process constituted a denial of his rights under the U.S. Constitution and the Texas Constitution.[1] He claims that when he appeared before the IAD on February 4, 1994, he had a right to counsel under the Sixth and Fourteenth Amendments to the U.S. Constitution and under Article

---

[1] Gray's brief on appeal seems to allege a separate violation of 42 U.S.C. § 1983 apart from his constitutional claims. As the district court correctly recognized, Gray cannot recover under § 1983 unless his constitutional rights were violated. Because summary judgment was proper on Gray's claim that his constitutional rights were violated, his § 1983 claim necessarily fails.

6

I, section 10 of the Texas Constitution. Gray further argues that under the Fourteenth Amendment to the U.S. Constitution and under Article I, sections 19 and 29 of the Texas Constitution, the IAD's refusal to allow his attorney to be present deprived him of his right to due process as a person with a constitutionally protected property interest in his job.[2]

The Sixth Amendment right to counsel attaches only during criminal proceedings, and it is specific to the offense charged. McNeil v. Wisconsin, 501 U.S. 171, 175 (1991). Other courts that have addressed this issue have held that a police officer has no Sixth Amendment right to counsel at an internal affairs interview

_____

[2] Gray also asserts that the IAD deprived him of his rights under the Fifth Amendment to the Constitution. Although he includes this with his due process claims, the only cognizable claim that Gray might have under the Fifth Amendment stems not from the right to due process, but from the privilege against self incrimination.

The Supreme Court has held that a Fifth Amendment violation occurs when a public employee is discharged for refusing to answer questions that are potentially incriminating and is required to surrender constitutional immunity. Lefkowitz v. Cunningham, 431 U.S. 801, 805 (1977). However, "the employee's rights are imperiled only by the combined risks of both compelling the employee to answer incriminating questions and compelling the employee to waive immunity from the use of those answers." Arrington v. County of Dallas, 970 F.2d 1441, 1446 (5th Cir. 1992). Article I, section 10 of the Texas Constitution provides no greater protection in this area than the Fifth Amendment does. Soto v. City of Laredo, 764 F. Supp. 448, 452-53 (S.D. Tex. 1991) (citing McKenna v. State, 671 S.W.2d 138, 139 (Tex. App.--Houston [1st. Dist] 1984, writ ref'd)). Gray does not claim that the IAD required him to surrender his constitutional immunity. Thus, the IAD did not violate Gray's privilege against self incrimination under either the Fifth Amendment or Article I, section 10 of the Texas Constitution.

7

or similar administrative proceeding where loss of liberty is not threatened. See, e.g., <u>Los Angeles Police Protective League v. Gates</u>, 579 F. Supp. 36, 41 (C.D. Cal. 1984) (holding that Sixth Amendment right to counsel did not apply because no loss of liberty was threatened); <u>Wilson v. Swing</u>, 463 F. Supp. 555, 560-61 (M.D.N.C. 1978) (finding that Sixth Amendment right to counsel did not attach because proceeding was purely civil in nature).

In this case, the IAD investigation was civil. The IAD expressly informed Gray that the internal report would not be used against him in subsequent criminal investigations. Moreover, as to the possession of cocaine charge, Gray was protected from prosecution by the Double Jeopardy Clause because he had already been tried and acquitted. Therefore, no violation of the Sixth Amendment occurred. Similarly, the absence of counsel at the investigative hearing did not violate Gray's rights under Article I, section 10 of the Texas Constitution. <u>Francis v. State</u>, 909 S.W.2d 158, 165 (Tex. App.--Houston [14th Dist.] 1995, no writ) (noting that the right of counsel does not attach until adversary proceedings against the individual have begun).

Gray next argues that he was denied due process because the IAD did not allow him to bring his attorney to the February 4, 1994 conference. He relies on <u>Sayre v. Mullins</u>, 681 S.W.2d 25 (Tex. 1984), arguing that the U.S. Constitution and the Texas Constitution each afford public employees the right to be

represented by counsel at a grievance proceeding.  This argument lacks merit.  Sayre concerned a post-termination grievance proceeding.  Id. at 26.  The hospital-employer refused to allow the plaintiff-employee's attorney to be present during the grievance proceedings, and then upheld the plaintiff's dismissal.  Id.  The plaintiff subsequently filed an action in state district court seeking a declaratory judgment that the hospital had violated her rights by refusing to allow her attorney to participate in the hearings.  Id. at 25.  On appeal, the Texas Supreme Court held that article 5154(c) of the Texas Revised Civil Statutes, which governed the grievance procedure in Sayre, did not restrict a grievant's right to be represented by counsel.  Id. at 28.

Gray's reliance on Sayre is misplaced.  It is undisputed that during the required grievance and disciplinary hearings Gray was represented by an attorney.  What is at issue in this case is the right of the government to question its employee in the course of an internal investigation regarding matters related to his employment without an attorney present.  Sayre did not address this issue; it merely held that a labor relations statute did not narrow the scope of a public employee's right to counsel during a grievance proceeding.

Gray points to no authority which indicates that he was entitled to have an attorney present during the investigatory IAD conference held on February 4, 1994.  However, authority exists

9

to support the contention of the defendants-appellees that Gray was not entitled to counsel under the Fourteenth Amendment. In similar cases, courts have held that, "as a matter of law . . . the due process clause of the Fourteenth Amendment provides no right to counsel at [an] IAD interview." Wilson, 463 F. Supp. at 561 (citing Haines v. Askew, 368 F. Supp. 369 (M.D. Fla. 1973), aff'd without opinion, 417 U.S. 901 (1974)). Similarly, Gray was not entitled to an attorney under Article I, sections 19 and 29 of the Texas Constitution. See Price v. City of Junction, Texas, 711 F.2d 582, 590 (5th Cir. 1983) ("It is clear that the protection afforded under the procedural due process rights granted by article I, section 19 [of the Texas Constitution], are congruent with those in the Federal Constitution.").

## B. Application of the "Substantial Evidence" Rule

Gray next contends that the district court's application of the substantial evidence rule was faulty. He claims that the district court erroneously granted summary judgment despite the existence of genuine issues of material fact. We disagree.

Under Texas law, a local government employee who is removed from his position by a final decision of the Commission may appeal by filing a petition in a district court, which will then conduct a trial de novo. TEX. LOC. GOV'T CODE ANN. § 158.037 (West 1988). In this context, however, a trial de novo requires only that the district court conduct a review of the case under the

10

substantial evidence rule.  See Firemen's and Policemen's Civil

Serv. Comm'n v. Brinkmeyer, 662 S.W.2d 953, 956 (Tex. 1984).

Thus, the district court must determine only "'whether the

agency's rule is free of taint of any illegality and is

reasonably supported by substantial evidence.'"  Id. (quoting

Fire Dep't of City of Fort Worth v. City of Fort Worth, 217

S.W.2d 664, 666 (Tex. 1949)).  The party challenging the

Commission's decision may offer new evidence that will aid the

trial court in determining whether, at the time of the

Commission's order, there existed substantial evidence that

reasonably supported the order.  Heard v. Incalcaterra, 702

S.W.2d 272, 275 (Tex. App.--Houston [1st. Dist.] 1985, writ ref'd

n.r.e.).  Nevertheless, the Commission's decision must be

affirmed unless the evidence as a whole indicates that reasonable

minds could not have reached the same conclusion.  Arrellano v.

Texas Employment Comm'n, 810 S.W.2d 767, 771 (Tex. App.--San

Antonio 1991, writ denied).

The use of summary judgment in cases that are tried de novo

under the substantial evidence rule is entirely appropriate.  Cf.

id. at 770-71.  In the context of a motion for summary judgment,

however, the movant bears the burden of showing that substantial

evidence supports the Commission's decision.  See Turner v. City

of Carrollton Civil Serv. Comm'n, 884 S.W.2d 889, 894 n.4 (Tex.

App.--Amarillo 1994, no writ).  Due to the nature of the

substantial evidence rule, the movant need only demonstrate to

the reviewing court that the Commission's decision is "reasonably supported by substantial evidence." Brinkmeyer, 662 S.W.2d at 956 (quoting Fire Dep't of City of Fort Worth, 217 S.W.2d at 666). Moreover, the evidence presented to the Commission might "even preponderate against its own ruling, yet still be 'substantial evidence,' if it is more than a mere scintilla." McKinley Iron Works, Inc. v. Texas Employment Comm'n, 917 S.W.2d 468, 470 (Tex. App.--Fort Worth 1996, no writ) (citing City of El Paso v. Public Utility Comm'n of Texas, 883 S.W.2d 179, 185 (Tex. 1994)).

As the district court properly noted, both sides in this case rely on the same documents to support their arguments. Moreover, the record contains adequate evidence to justify the Commission's finding that Gray's dismissal was warranted either on the ground of insubordination or on the ground that a preponderance of the evidence indicated that he was in possession of under twenty-eight grams of cocaine at the time of his arrest.

First, it is undisputed that Gray refused to answer any questions at the February 4, 1994 hearing and that he failed to prepare the report that the IAD subsequently ordered. Gray contends that he did not know the subject of the requested report, but testimony in the record contradicts that claim. In reviewing the Commission's decision, the court "may not substitute its judgment for that of the agency on controverted issues of fact. . . . Resolution of factual conflicts and

12

ambiguities is the province of the administrative body and it is the aim of the substantial evidence rule to protect that function." Brinkmeyer, 662 S.W.2d at 956.

Second, although a jury acquitted Gray of the possession of cocaine charge, the IAD investigation found that a preponderance of the evidence indicated that he was aware of the cocaine being in his car and that he therefore had possession of it. "When there is substantial evidence which would support either affirmative or negative findings the administrative order must stand, notwithstanding the agency may have struck a balance with which the court may differ." Id. The new evidence that Gray appended to his motion opposing summary judgment does not indicate that the Commission's findings on the cocaine charge or the issue of insubordination were arbitrary or unreasonable. "[O]ur inquiry is not whether the agency came to the proper fact conclusion on the basis of conflicting evidence, but whether it acted arbitrarily and without regard to the facts." McKinley, 917 S.W.2d at 470. We therefore find that the trial court did not err in its application of the substantial evidence rule or in its decision to grant the motion of the defendants-appellees for summary judgment.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the

13

district court.