NUMBER 13-02-197-CV

COURT OF APPEALS

 THIRTEENTH DISTRICT OF TEXAS

 CORPUS CHRISTI - EDINBURG 

 



JULIO SOLIZ Appellant,



v.




NUECES COUNTY, NUECES COUNTY SHERIFF AND THE NUECES COUNTY CIVIL

SERVICE COMMISSION , Appellees. 
 



On appeal from the 214th District Court 

of Nueces County , Texas.

 



OPINION



Before Chief Justice Valdez and Justices Rodriguez and Amidei (1)

Opinion by Chief Justice Valdez


 

 Appellant, Julio Soliz, appeals from the trial court's order dismissing his suit for lack of jurisdiction. In one issue, Soliz
argues the trial court erred in dismissing his suit because jurisdiction is established by section 158.012(a) of the local
government code. Tex. Loc. Gov't Code Ann. § 158.012(a) (Vernon 1999). We affirm.

Facts and Procedural History

 Soliz filed an employee grievance after the Nueces County Sheriff's Department terminated him for testing positive on two
drug tests. On the employee-grievance form, Soliz stated that "a just and fair solution to [his] grievance would be [f]or the
Department to reconsider [his] termination and get [his] position/Title - Patrol Sgt. Supervisor." Soliz did not request
attorney's fees nor back wages. On November 29, 2001, the Nueces County Civil Service Commission unanimously
granted Soliz's requested relief by reinstating him without attorney's fees or back wages. On February 5, 2002, Soliz filed
his original petition appealing the Commission's decision, seeking for the first time back wages and attorney's fees. The
trial court granted the appellees' plea to the jurisdiction and dismissed this case for want of jurisdiction under section
158.012(a), finding that Soliz was reinstated, not demoted, suspended, or removed as required by statute. See id.

Analysis 

 In his sole issue, Soliz argues that the trial court has subject-matter jurisdiction under section 158.012(a) of the local
government code because section 158.012(c) allows the trial court to order payment of back pay and other appropriate
relief. See Tex. Loc. Gov't Code Ann. § 158.012(a), (c) (Vernon 1999). The trial court, Soliz contends, therefore erred in
granting appellee's plea to the jurisdiction.

 A plea to the jurisdiction seeks to defeat a cause of action, without regard to the claim's merit, by challenging the trial
court's subject-matter jurisdiction. Cantu v. Perales, 97 S.W.3d 861, 862 (Tex. App.-Corpus Christi 2003, no pet.). We
review the trial court's ruling on a plea to the jurisdiction de novo because subject-matter jurisdiction is a question of law. 
Id.

 Section 158.012(a) states that a "county employee who, on a final decision by the commission, is demoted, suspended, or
removed from the employee's position may appeal the decision by filing a petition in a district court in the county within 30
days after the date of the decision." Tex. Loc. Gov't Code Ann. § 158.012(a) (Vernon 1999) (emphasis added). 

 Section 158.012(c) states that "[i]f the district court renders judgment for the petitioner, the court may order reinstatement
of the employee, payment of back pay, or other appropriate relief." Tex. Loc. Gov't Code Ann. § 158.012(c) (Vernon
1999). Soliz's reliance on section 158.012(c) is misplaced because the trial court did not render judgment for Soliz.

 Moreover, Soliz is not appealing a demotion or removal. Soliz may appeal to the district court only if the final decision of
the commission suspended Soliz. In Alba v. Nueces County Sheriff's Dep't, we held that an employee's termination and
subsequent reinstatement is not a suspension under section 158.012(a). Alba v. Nueces County Sheriff's Dep't, 89 S.W.3d
132, 134 (Tex. App.-Corpus Christi 2002, pet. denied). Soliz therefore did not have statutory authorization to appeal the
commission's decision. Id; see Bouldin v. Bexar County Sheriff's Civil Serv. Comm'n, 12 S.W.3d 527, 529 (Tex. App.-San
Antonio 1999, no pet.) (when right to appeal an administrative agency's decision is statutorily created, relevant statute's
provisions are mandatory, exclusive, and must be complied with fully).

 Accordingly, we overrule Soliz's sole issue and affirm the trial court's order. See Alba, 89 S.W.3d at 134.



_________________________

Rogelio Valdez

 

Opinion delivered and filed 

this 14th day of August, 2003

























1. Former Justice Maurice Amidei, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998. )