**Yvonne CALDERA, Plaintiff,**

v.

**The COUNTY OF EL PASO, TEXAS, Defendant.**

**Civil Action No. 07–CV–00298–KC.**

United States District Court, W.D. Texas, El Paso Division.

Nov. 2, 2007.

---

James Kerby Jopling, Jim K. Jopling, Attorney at Law, El Paso, TX, for Plaintiff.

Kitty Schild, El Paso, TX, for Defendant.

### ORDER

KATHLEEN CARDONE, District Judge.

On this day, the Court considered "Defendant County of El Paso's Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)" ("Defendant's Motion").[1] For the reasons set forth below, it is hereby **ORDERED** that Defendant's Motion be **DENIED.**

### I. BACKGROUND

Plaintiff brings this suit as a claim for retaliation under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq., and as a request for declaratory relief pursuant to the Texas Uniform Declaratory Judgment Act ("UDJA"), Texas Civil Practices and Remedies Code § 37.001 et seq. Pl.'s Am. Compl.¶ 1.

On February 20, 2005, Plaintiff began working for Defendant El Paso County, Texas, as an auto title clerk in the Tax–Assessor–Collector's office. Id. ¶ 5. In 2006, Plaintiff was promoted to supervisor for the Criminal Fee Collections Sections in the office of the County Clerk. Id. ¶ 6. At that time, Plaintiff's father was living with her and receiving hospice care during his final illness, a fact that Plaintiff had made known to her employer. Id.

On December 20, 2006, while she was at work, Plaintiff learned her father was gravely ill. Id. ¶ 7. Plaintiff alleges she requested and received leave pursuant to the Family Medical Leave Act in order to care for her father. Id. Plaintiff's father passed away the following morning. Id. On January 2, 2007, Plaintiff was involved in an automobile accident which resulted in a concussion for which she was hospitalized the same day. Id. ¶ 8. Plaintiff stayed overnight in the hospital and was released the next day.[2] Id. Plaintiff alleges she took leave pursuant to the Family Medical Leave Act to return home from the hospital and convalesce on January 3, 2007. Id. Plaintiff returned to work January 4, 2007. Id.

---

**1.** The Court notes that neither Defendant's Motion to Dismiss nor Plaintiff's Response adhere to the Court's Standing Order requiring a table of contents, table of authorities and a statement of the issues for any motion in excess of five (5) pages. See Standing Order Regarding Civil Motion Content. However, rather than allow parties' inability to follow procedure dictate the Court's already heavy motions docket, the Court will proceed with the motions as filed. Let the parties be cautioned, however, that future non-compliance with Local Rules or Standing Orders will likely be met with sanctions.

**2.** Plaintiff's Amended Complaint reads here that Plaintiff "was released the next day, on January 2, 2007." Pl.'s Am. Compl. ¶ 8. However, the "next" day would be January 3, 2007, and the Court assumes that Plaintiff's statement of January 2, 2007 is a typographical error.

On January 4, 2007, newly-elected County Clerk Delia Briones informed Plaintiff that she would not be re-deputized. *See* Def.'s Answer ¶ 9. Plaintiff alleges that this amounted to her being "fired" and moreover was done "without complying with the El Paso County Civil Service Rules and Regulations." Pl.'s Am. Compl. ¶ 9. Plaintiff also alleges that the termination "was committed willfully, in bad faith and in direct retaliation for Ms. Caldera having taken leave under the Family Medical Leave Act on December 20 and 21, 2006, and on January 3, 2007." *Id.*

After being terminated from her position, Plaintiff appealed the adverse employment decision to the El Paso County Civil Service Commission. Id. ¶ 11. The Commission upheld Plaintiff's grievance and approved back pay to Plaintiff, subject to Plaintiff releasing any and all claims against the County, including those claims at issue in this suit. *Id.* ¶ 11; Def.'s Answer ¶ 11.

On June 14, 2007, Plaintiff filed her Original Petition in the 327th Judicial District Court, County of El Paso, Texas, seeking relief for alleged retaliation under the FMLA, declaratory relief under the UDJA, and damages pursuant to the FMLA. Def.'s Notice of Removal, Ex. A ("Plaintiff's Original Petition"). Defendant removed the case to this Court August 29, 2007. Def.'s Notice of Removal. On September 7, 2007, Defendant filed its Motion to Dismiss. Defendant argued that Plaintiff had failed to state a cause of action under the FMLA and that Plaintiff's claim for declaratory relief was barred by governmental immunity. Def.'s Mot. to Dismiss ¶¶ 5–16.

## II. DISCUSSION

### A. Standard

■ A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. FED.R.CIV.P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true, and view them in a light most favorable to the plaintiff. *Calhoun v. Hargrove,* 312 F.3d 730, 733 (5th Cir.2002); *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir.2000). Still, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* — U.S. —, — – —, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007) (internal citations and quotation marks omitted); *see also Plotkin v. IP Axess, Inc.,* 407 F.3d 690, 696 (5th Cir. 2005) ("But a court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

■ Though a complaint need not contain "detailed" factual allegations, still the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly,* 127 S.Ct. at 1965 (internal citation omitted). Thus, to survive a motion to dismiss, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Id.* at 1974. Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.' " *Id.* at 1965 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

### B. Texas Uniform Declaratory Judgment Act

#### 1. Governmental immunity

■ Defendant first argues that Plaintiff's claim for declaratory relief should be

dismissed because it is barred by governmental immunity. Def.'s Mot. to Dismiss ¶¶ 10–15.[3] Defendant acknowledges this Court's jurisdiction to hear claims under the FMLA as both a federal question and an abrogation of state sovereign immunity. Def.'s Reply ¶ 3; *see also Nev. Dept. of Human Res. v. Hibbs*, 538 U.S. 721, 725, 123 S.Ct. 1972, 155 L.Ed.2d 953 (2003) (finding the FMLA's family-care provisions to be a valid exercise of Congressional authority pursuant to § 5 of the Fourteenth Amendment); *but see Touvell v. Ohio Dept. of Mental Retardation and Dev. Disabilities*, 422 F.3d 392, 400 (6th Cir.2005) (holding the FMLA self-care provision to be an unconstitutional abrogation of State sovereign immunity). However, Defendant presents several arguments challenging this court's jurisdiction to hear Plaintiff's claim under the UDJA.

Defendant first argues that "Plaintiff's claim for declaratory relief is clearly a state cause of action and Defendant's arguments to dismiss this claim are under applicable Texas law." Def.'s Reply ¶ 7. As such, Defendant argues that Plaintiff's claim for declaratory relief is barred because "Defendant County has governmental immunity from suit, and such immunity is a jurisdictional issue." Def.'s Mot. to Dismiss ¶ 10.

■ The State, its agencies, and its political subdivisions, such as counties, generally enjoy sovereign immunity from state causes of action brought against them by individuals.[4] *See, e.g., Wichita Falls State Hospital v. Taylor*, 106 S.W.3d 692, 694 (Tex.2003); *County of Cameron v.*

*Brown*, 80 S.W.3d 549, 554 (Tex.2002) (citations omitted); *Travis County v. Pelzel & Assocs.*, 77 S.W.3d 246, 248 (Tex.2002), *superseded by statute on other grounds as stated in Tooke v. City of Mexia*, 197 S.W.3d 325 (Tex.2006). This sovereign immunity encompasses both immunity from suit and immunity from liability. *Carrasco v. City of Alvin*, No. 14-06-00687-CV, 2007 WL 900790, at *2 (Tex.App. March 27, 2007) (citing *Federal Sign v. Tex. Southern Univ.*, 951 S.W.2d 401, 405 (Tex. 1997), *superseded by statute on other grounds* ). However, this immunity from suit is not absolute. First, Congress may abrogate the State's immunity by authorizing a suit "in the exercise of its power to enforce the Fourteenth Amendment—an Amendment enacted after the Eleventh Amendment and specifically designed to alter the federal-state balance." *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999) (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976)). Second, a State (or in this case, a county) may waive its sovereign immunity by consenting to suit. *Id.* (citing *Clark v. Barnard*, 108 U.S. 436, 447–48, 2 S.Ct. 878, 27 L.Ed. 780 (1883)).

■ The Supreme Court held in *Lapides v. Board of Regents of the University System of Georgia* that when a State voluntarily invokes the jurisdiction of the federal courts, that entity cannot then claim immunity from suit. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535

3. While Defendant has presented its plea to jurisdiction second in its Motion to Dismiss, the Court will deal with jurisdictional issues first before addressing other alleged inadequacies in Plaintiff's pleadings.

4. However, the Texas Supreme Court has acknowledged that even though counties are an

"arm of the state" according to Texas law, they are not considered an "arm of the state" in terms of Eleventh Amendment jurisprudence, and therefore are not immune from suit for causes of actions arising under federal law. *Hoff v. Nueces County*, 153 S.W.3d 45, 47 (Tex.2004).

U.S. 613, 620, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002). The rule derived from that case is clear: "removal is a form of voluntary invocation of a federal court's jurisdiction sufficient to waive the State's otherwise valid objection to litigation of a matter (here of state law) in a federal forum." *Id.* at 624, 122 S.Ct. 1640. The decision in *Lapides* was limited. Specifically, it dealt with a situation where a State had waived immunity from state-court proceedings for state-law claims but nonetheless claimed Eleventh Amendment immunity once it had removed the case to federal court. *Id.* at 616, 122 S.Ct. 1640. Nevertheless, the Fifth Circuit has interpreted *Lapides* to extend waiver of immunity "to any private suit which a state removes to federal court" and not just cases involving only state or only federal claims. *See Meyers ex. rel. Benzing v. Texas,* 410 F.3d 236, 242–43 (5th Cir.2005), *cert. denied, Texas v. Meyers,* — U.S. ——, 127 S.Ct. 2126, 167 L.Ed.2d 862 (2007).

Defendant argues that "Defendant has not claimed Eleventh Amendment immunity" (Def.'s Reply ¶ 3). However, there is no other form of immunity that Defendants can claim, since any immunity held by the State or its subdivisions is indistinguishable from that immunity recognized under the Eleventh Amendment.[5] *See id.* at 251 (citing *Alden v. Maine,* 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999)) ("there is no such thing as an Eleventh Amendment immunity separate and apart from state sovereign immunity"); *Hoff v. Nueces County,* 153 S.W.3d 45, 48

(Tex.2004) ("The Eleventh Amendment was passed to protect states, as independent sovereigns, and not to create a new state immunity."). Indeed, according to the Fifth Circuit, "the states have no other sovereign immunity from suit than that which they brought into the union." *Meyers,* 410 F.3d at 251 (citing *Alden,* 527 U.S. at 713, 119 S.Ct. 2240).

■ A State may, in some circumstances, retain immunity from liability while waiving its immunity from suit. *See id.* at 254–55; *Travis County,* 77 S.W.3d at 248. However, immunity from liability does not affect a court's jurisdiction to hear a case and cannot be raised in a plea to the jurisdiction. *Taylor,* 106 S.W.3d at 696; *Texas Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999) (citing *Davis v. City of San Antonio,* 752 S.W.2d 518, 520 (Tex.1988)). Here, Defendant has argued that "immunity is a jurisdictional issue." Def.'s Mot. to Dismiss ¶ 10. Therefore, any argument that Defendant is immune from liability cannot be raised in this plea to the jurisdiction. *See Taylor,* 106 S.W.3d at 696 ("And because the State cannot properly assert immunity [from liability] in a plea to the jurisdiction, we have no occasion to decide the extent to which immunity from liability is implicated here.").

In conclusion, whatever immunity from suit Defendant may have retained in state court as a political subdivision of the State under the auspices of "sovereign immunity," "Eleventh Amendment immunity," or "governmental immunity," Defendant waived that immunity by removing the

---

**5.** The Court notes that the Texas Supreme Court has acknowledged a difference between "sovereign immunity," which protects the various divisions of state government from suit, and "governmental immunity," which protects political subdivisions (such as counties) from suit. *See Taylor,* 106 S.W.3d at 694 n. 3. However, the Texas Supreme Court also notes that courts use the terms interchangeably. *Id.* Moreover, any recognition of a distinction between the two forms of immunities is irrelevant with regards to waiver. If State "sovereign immunity" is waived by seeking this Court's jurisdiction, *a fortiori,* a county's "governmental immunity" is likewise waived.

instant case to federal court. *See Meyers,* 410 F.3d at 242.

## 2. Lower court subject matter jurisdiction

 Defendant next argues that Plaintiff cannot bring its declaratory judgment claim to this Court because this Court lacks subject matter jurisdiction over the state claim.

This Court may exercise supplemental jurisdiction over any claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367. Neither party disputes that the Court has jurisdiction over Plaintiff's FMLA claim pursuant to 28 U.S.C. § 1331.[6] In addition, Plaintiff's claim for declaratory judgment forms part of the same case or controversy as Plaintiff's FMLA claim because both claims arise from Plaintiff's termination from County employment. Therefore, this Court has jurisdiction over Plaintiff's declaratory judgment claim through exercising its power of supplemental jurisdiction.

Nevertheless, Defendant argues that the El Paso County district court lacked original subject matter jurisdiction over Plaintiff's declaratory judgment claim in the first instance.[7] Def.'s Mot. to Dismiss ¶ 14. Defendant argues that Plaintiff had no right to appeal the El Paso Civil Service Commission's determination that Plaintiff's award of back pay be contingent upon the Plaintiff relinquishing all other claims against the County. *Id.* Defendant asserts that Texas statute limits appeals to those cases where the a party is "demoted, suspended or removed" from their position of employment. *Id.* ¶ 13–14 (citing Texas Loc. Gov't Code Ann. § 158.012 (Vernon 1999)). Therefore, Defendant argues, that Plaintiff cannot now attempt to bypass the restriction by filing for declaratory judgment. *Id.*

 The right to appeal the decision of an administrative agency is a statutory right. *See United Indep. Sch. Dist. v. Gonzalez,* 911 S.W.2d 118, 122 (Tex.App. 1995), *writ denied per curiam,* 940 S.W.2d 593 (Tex.1996). Where the Legislature has created a right to appeal from an administrative decision, the applicable statutory provisions are mandatory and exclusive and a party must comply with them fully for the action to be maintainable. *Id.* (citing *Texas Catastrophe Prop. Ins. Ass'n v. Council of Co–Owners of Saida II Towers Condo. Ass'n,* 706 S.W.2d 644, 646 (Tex.1986)). Nevertheless, Texas district courts are courts of general jurisdiction, and "all claims are presumed to fall within the jurisdiction of the district court unless the legislature or Congress has provided that they must be heard elsewhere." *Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 75 (Tex.2000).

 The Court acknowledges that the UDJA does not grant jurisdiction itself, but acts as "merely a procedural device for deciding cases already within a court's jurisdiction." *Chenault v. Phillips,* 914 S.W.2d 140, 141 (Tex.1996) (quoting *State v. Morales,* 869 S.W.2d 941, 947 (Tex. 1994)). Nevertheless, Plaintiff appears to have had a valid basis in Texas law for

---

6. Title 28 of the United States Code § 1331 states that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

7. Arguably, this is a matter that Defendant should have raised before the El Paso County District Court before removal, and, if such an argument had merit, should have been disposed of in the state system.

seeking the El Paso County district court's subject matter jurisdiction.

Texas Local Government Code § 158.012 states, in relevant part:

(a) A county employee who, on a final decision by the commission, is demoted, suspended, or removed from the employee's position may appeal the decision by filing a petition in a district court in the county within 30 days after the date of the decision.

TEXAS LOC. GOV'T CODE ANN. § 158.012.

In the instant case, Plaintiff alleges she was improperly terminated from her position. Pl.'s Am. Compl. ¶ 11. While there is some ambiguity in Plaintiff's Amended Complaint, there is no indication that the Civil Service Commission ever reinstated Plaintiff to her position. Viewing the facts in the light most favorable to the Plaintiff, as this Court must in reviewing a motion to dismiss, it appears that Plaintiff had a right to appeal the Commission's decision to the district court in El Paso County pursuant to § 158.012.[8] See Pl.'s Original Pet. The District Court in El Paso County therefore appears to have had proper subject matter jurisdiction over this case, and by Defendant's voluntary removal to the federal system, so does this Court.[9]

### 3. Monetary damages

 Defendant next argues that Plaintiff may not claim monetary damages under the UDJA because monetary damages are barred by sovereign immunity. Def's Mot. to Dismiss ¶ 15. The Court acknowledges that sovereign immunity normally bars claims for monetary damages under the UDJA. See, e.g., Texas Natural Resource Conservation Commission v. IT-Davy, 74 S.W.3d 849, 860 (Tex.2002). However, Plaintiff has alleged, and Defendant does not dispute, that the County Commissioner's Court has already approved the Civil Service Commission's recommendation of back pay, but made it subject to Plaintiff releasing all claims against the County. Pl.'s Am. Compl. 3; Def.'s Answer 3. The issue before the Court, then, is not whether Plaintiff should be awarded back pay, which the County Commissioner's Court has already approved, but whether Plaintiff is obligated to release any claims against the County before receiving them. As such, "declaratory relief construing the rights and remedies of the parties" (Pl.'s Compl. 3) does not involve an award of monetary damages but involves whether Plaintiff must relinquish other claims before seeking money damages already adjudged in her favor.

Accordingly, all of Defendant's arguments against the jurisdiction of this Court fail. Given that Defendant has waived any claim of sovereign or governmental immunity by removing the instant case to federal court, and given that there are no other bars to this Court's jurisdiction, Defendant's Motion to Dismiss based on governmental immunity is **DENIED**.

---

8. Section 158.012 states that Plaintiff has only 30 days to appeal her decision from the County Civil Service Commission. TEXAS LOC. GOV'T CODE ANN. § 158.012. Defendant has not argued, and Plaintiff has not brought into question, whether Plaintiff appealed the Commission's decision within those 30 days. Therefore, the Court will not address this potential issue.

9. The one case El Paso County cites in its favor—Soliz v. Nueces County—appears inapposite to the instant case. See Soliz v. Nueces County, 134 S.W.3d 298 (Tex.App.2003). In Soliz, the Court of Appeals of Texas held that the trial court lacked subject matter jurisdiction because Plaintiff had appealed the Commission's failure to award back wages and attorney's fees after Plaintiff had been reinstated to his position, "not demoted, suspended, or removed as required by statute." Id. at 299. In the instant case, the opposite appears to be true.

## C. 12(b)(6) Motion

Defendant next argues that Plaintiff's claim under the FMLA should be dismissed because Plaintiff has failed to adequately state a cause of action. Def.'s Mot. to Dismiss ¶¶ 5–9. Defendant argues first that Plaintiff's pleaded facts do not state a claim for FMLA leave since her alleged injuries were not a "serious health condition" and thus did not qualify her for FMLA leave. *Id.* ¶¶ 5–6. Secondly, Defendant argues that Plaintiff's "bare-bones pleadings" failed to establish the necessary elements for a cause of action under the FMLA. *Id.* ¶¶ 8–9.

### 1. Serious health condition

The Family Medical Leave Act states in relevant part:

an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12–month period for one or more of the following:

(A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.

(B) Because of the placement of a son or daughter with the employee for adoption or foster care.

(C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.

(D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

29 U.S.C. § 2612(a)(1).

The FMLA also provides employees a private right of action against an employer who interferes with or discharges an employee in retaliation for an employee's exercise of any rights under the Act. 29 U.S.C. § 2615(a)(1)-(2); § 2617(a)(2);.

The Code of Federal Regulations states that for purposes of the FMLA, a "serious health condition" entitling an employee to FMLA leave means:

an illness, injury, impairment, or physical or mental condition that involves:

(1) Inpatient care (i.e., an overnight stay) in a hospital, hospice, or residential medical care facility, including any period of incapacity (for purposes of this section, defined to mean inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefor, or recovery therefrom), or any subsequent treatment in connection with such inpatient care; or

(2) Continuing treatment by a health care provider. . . .

29 C.F.R. § 825.114(a)(1)-(2).

Plaintiff took leave pursuant to the FMLA December 20, 2006, to care for her dying father, an allegation which Defendant does not dispute. *See* Pl.'s Am. Compl. ¶ 7; Def.'s Mot. to Dismiss ¶ 7. Plaintiff also alleges that she took leave pursuant to the FMLA after suffering injuries—including a concussion—from an automobile accident on January 2, 2007. Plaintiff alleges she stayed overnight in a hospital and spent the next day at home recovering from her injuries. Pl.'s Am. Compl. ¶ 8. The Court holds that these facts adequately allege a "serious health condition" under 29 C.F.R. § 825.114(a)(1).[10]

Defendant cites only one case in rebuttal—*Blues v. City of Hurst*—a case that is

---

10. Curiously, Defendant in its Motion for Dismiss focuses its argument against Plaintiff suffering a "serious health condition" almost completely on 29 C.F.R. § 825(a)(2) and does nothing to address the more obvious fit of (a)(1). Def.'s Mot. to Dismiss ¶ 5.

distinguishable from the instant case. *See Blues v. City of Hurst*, No. 4:06–CV–218–Y, 2007 WL 2325201, at *1, 2007 U.S. Dist. LEXIS 59031, at *1 (N.D.Tex. Aug. 13, 2007). In *Blues*, the court dismissed plaintiff's claim because the plaintiff failed to specify the "serious health condition" that he suffered (other than a vague reference to having his appendix removed), and did not mention any overnight stay in a hospital or inpatient care. *Id.* at 2007 WL 2325201, *2, 2007 U.S. Dist. LEXIS 59031, *8–9. The plaintiff in *Blues* also failed to provide factual allegations that the defendant had engaged in any detrimental or retaliatory measures for his requested leave. *Id.* at 2007 WL 2325201, *4, 2007 U.S. Dist. LEXIS 59031, *12.

In the instant case, Plaintiff clearly specified that her "serious health condition" involved a car accident, inpatient care, an overnight stay in a hospital, and a subsequent day-long convalescence. Plaintiff also alleges she was fired in direct retaliation for her time off. While the Court may expect more facts describing the circumstances surrounding Plaintiff's termination in order to survive a motion for summary judgment, the facts as they stand are sufficient to distinguish the instant case from that in *Blues*.

#### 2. Failure to state a claim

■ Defendant next claims that Plaintiff's claim of retaliatory discharge is insufficient to state a cause of action under the FMLA. Def.'s Mot. to Dismiss ¶¶ 8–9. To assert a *prima facie* case of retaliatory discharge under the Family Medical Leave Act, the plaintiff must demonstrate that: (1) she is protected under the FMLA; (2) she suffered an adverse employment deci-

sion; and either (3a) that she was treated less favorably than an employee who had not requested leave under the FMLA; or (3b) the adverse decision was made because of the plaintiff's request for leave. *See Mauder v. Metropolitan Transit Authority of Harris County*, 446 F.3d 574, 583 (5th Cir.2006) (citing *Hunt v. Rapides Healthcare Sys.*, 277 F.3d 757, 768 (5th Cir.2001)); *Bocalbos v. Nat'l W. Life Ins. Co.*, 162 F.3d 379, 383 (5th Cir.1998).

In the instant case, it appears undisputed that Plaintiff is protected under the FMLA[11] and that Plaintiff suffered an adverse employment decision. *See* Pl.'s Am. Compl. ¶¶ 9–10. Moreover, Plaintiff alleges that she was fired in direct retaliation for having taken time off pursuant to the FMLA. *Id.* Plaintiff has therefore adequately alleged a *prima facie* case of retaliatory discharge under the Act.

■ Defendant argues nonetheless that there is a lack of causation between Plaintiff's determination and any alleged discriminatory motive. Def.'s Mot. to Dismiss ¶ 8; Def.'s Reply ¶ 4. Defendant argues that the only factor connecting Plaintiff's FMLA leave and her termination is temporal proximity, and that "temporal proximity alone is insufficient to prove but for causation." Def.'s Reply ¶ 4 (quoting *Strong v. University HealthCare System, L.L.C.*, 482 F.3d 802, 808 (5th Cir.2007)). In addition to the language quoted above, *Strong* holds that temporal proximity is "just 'one of the elements in the entire calculation'" necessary to determine causation. *Strong*, 482 F.3d at 808 (quoting *Shirley v. Chrysler First., Inc.*, 970 F.2d 39 (5th Cir.1992)). However, *Strong* was decided at the summary judgment stage, where evidence had been introduced and

---

11. An "eligible employee" under the FMLA means an employee who has been employed (i) for at least 12 months by the employer and (ii) provided at least 1,250 hours of service for the employer during the previous 12–month period. 29 U.S.C. § 2611(2)(A). Plaintiff has adequately pleaded both of these requirements. *See* Pl.'s Am. Compl. ¶ 10.

the court had more than mere factual allegations upon which to base its decision. *See id.* at 807–08 (citing *Roberson v. Alltel Info. Svcs.*, 373 F.3d 647, 656 (5th Cir. 2004)) (noting specifically that the "timing allegations" were insufficient to survive *summary judgment*) (emphasis added).[12] Moreover, *Strong* recognized that while temporal proximity alone is not enough to prove *but-for* causation, "temporal proximity alone, *when very close,* can in some instances establish a *prima facie* case of retaliation." *Id.* (citing *Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 273, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001)) (emphasis added); *see also Russell v. Univ. of Texas of Permian Basin,* 234 Fed.Appx. 195, 205 (5th Cir.2007) (citing *Gee v. Principi,* 289 F.3d 342, 345 (5th Cir.2002)) (holding that the causal link to demonstrate retaliation under Title VII need not rise to the level of but-for causation at the *prima facie* stage); *Swanson v. Gen. Svcs. Admin.,* 110 F.3d 1180, 1188 (5th Cir.1997) ("Close timing between an employee's protected activity and an adverse action against him may provide the 'causal connection' required to make out a *prima facie* case of retaliation.") (citation omitted).

In the instant case, the issue before the court is not proof of but-for causation at the summary judgment or trial stage, but the sufficiency of factual allegations of a *prima facie* case at the pleadings stage. Moreover, it is hard to imagine a clearer case of temporal proximity between FMLA leave and a retaliatory discharge than the space of one day, as the Plaintiff has pleaded here. *Cf. Evans v. City of Houston,* 246 F.3d 344, 354 (5th Cir.2001)

(finding a lapse of five days to be sufficient to provide a "causal connection" *at the summary judgment stage* for the near-identical Title VII retaliation analysis); *O'Neal v. Ferguson Construction Co.,* 237 F.3d 1248, 1253 (10th Cir.2001) ("[W]e have held that a one and one-half month period between protected activity and adverse action may, by itself, establish causation.") (citation omitted).

While the Court agrees that Plaintiff has presented little more than "bare-bones pleadings," and more factual specifics, backed by evidentiary support, may be necessary to show that Defendant's actions were discriminatory at the summary judgment stage, the Court holds nonetheless that Plaintiff has adequately pleaded a *prima facie* case of retaliation under the FMLA. Defendant's Motion to Dismiss for failure to state a claim is therefore **DENIED.**

## III. CONCLUSION

Defendant has failed to demonstrate that Defendant is entitled to immunity from suit or that Plaintiff has failed to state a claim. Accordingly, it is hereby **ORDERED** that "Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)" **(Doc. No. 5)** be **DENIED.**

**SO ORDERED.**

12. The other two cases Defendant cites to in support of its temporal proximity argument— *Arredondo v. Gulf Bend Ctr.* and *Pierce v. Alice Peck Day Mem. Hosp.*—were also both at the summary judgment stage. *See Arredondo v. Gulf Bend Ctr.,* No. H–06–1580, 2007 WL 1004051, at *1, 2007 U.S. Dist. LEXIS 23470, at *1 (S.D.Tex. March 30, 2007); *Pierce v. Alice Peck Day Mem. Hosp.,* No. 00–318–M, 2002 WL 467125, 2002 U.S. Dist. LEXIS 5516 (D.N.H. March 11, 2002).