IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2008

Charles R. Fulbruge III
Clerk

No. 08-40494
Summary Calendar

DARIO DIAZ

Plaintiff-Appellee

v.

CAMERON COUNTY TEXAS; ROBERT LOPEZ, Constable Precinct 4

Defendants-Appellants

Appeal from the United States District Court
for the Southern District of Texas
No. 1:07-CV-185

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Defendants Cameron County and Constable Robert Lopez (the "County Defendants") appeal from an award of attorney's fees against them pursuant to 28 U.S.C. 1447(c). For the following reasons, we vacate the district court's award of attorney's fees.

This case began when Constable Lopez of Cameron County terminated the employment of Deputy Constable Dario Diaz ("Diaz"). Diaz appealed his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

termination to the Civil Service Commission (the "Commission"), alleging that he was dismissed for political reasons. The Commission upheld Diaz's termination. Under Texas law, a party has 30 days to appeal a Commission decision by filing a petition in state district court. Tex. Loc. Gov't Code Ann. § 158.012(a) (Vernon 1999). Diaz filed a state-court petition within this time period; however, the petition did not expressly indicate that it was an appeal from the Commission's decision. Rather, the petition was defined as a "cause of action" against the County Defendants "for employment discrimination and retaliation under the Texas and U.S. Constitutions, 42 U.S.C. § 1983, and local [law]."

The County Defendants removed the state-court petition to federal court, alleging federal-question jurisdiction based on the constitutional and § 1983 claims in Diaz's petition. A few days later, the County Defendants filed a motion to dismiss for lack of subject matter jurisdiction. Specifically, the County Defendants argued that Diaz failed to properly appeal pursuant to § 158.012(a), rendering Diaz's present lawsuit an "unauthorized collateral attack" on the Commission's decision. The district court denied the motion to dismiss and sua sponte remanded the case back to state court. In addition, the court determined that removal was wrongful and thus imposed attorney's fees against the County Defendants pursuant to 28 U.S.C. § 1447(c). The County Defendants appeal only this award of attorney's fees.

We review the award of attorney's fees upon remand for an abuse of discretion. Hornbuckle v. State Farm Lloyds, 385 F.3d 538, 541 (5th Cir. 2004). When a district court remands a case, it has discretion to award the "payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). However, this discretion is not unlimited: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable

basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). In making this determination, the district court "do[es] not consider the motive of the removing defendant." Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 292–93 (5th Cir. 2000). Rather, the court must consider the objective merits of removal at the time of removal, irrespective of the ultimate remand. Id.

Here, the district court awarded attorney's fees because it found that the County Defendants "lacked an objectively reasonable basis for seeking removal." This finding was based on what the court viewed as inconsistencies between the County Defendants' removal motion and subsequent motion to dismiss. Specifically, the district court suggested that the County Defendants (1) deliberately misconstrued Diaz's state-court petition as a new lawsuit in order to remove the case, and then (2) implicitly conceded that the state-court petition was an appeal under § 158.012(a) in order to seek dismissal.[1] Thus, much of the court's analysis focused on whether Diaz's state-court petition was properly construed as an appeal or an entirely new lawsuit.[2]

For purposes of attorney's fees under § 1447(c), this distinction is irrelevant. If Diaz had filed a new lawsuit alleging federal claims, then the case clearly would have been removable. See 28 U.S.C. § 1441(b) (providing for removal of claims arising under federal law). Similarly, if Diaz had filed an

---

[1] See Opinion & Order of February 15, 2008 ("[The County Defendants] may not argue that the Plaintiff's petition is the initiation of a new lawsuit to justify removal, and then argue that the petition is an appeal of an administrative judgment to secure dismissal."); Transcript of Hearing on Attorney's Fees, April 30, 2008 ("I feel that the position of the [County Defendants] was inconsistent. . . . You know, it's clear to me that [the state-court petition] was intended to be an appeal.").

[2] The district court stated that it was "clear" that Diaz's state-court petition was intended to be an appeal pursuant to § 158.012(a). Although not necessary to our analysis, we note that the County Defendants' alternative construction is equally reasonable. Diaz's petition was defined as "a cause of action for employment discrimination and retaliation." It never referred to itself as an appeal, never invoked § 158.012(a), and never discussed the Commission's decision. Moreover, the petition specifically requested a jury trial, which is unavailable in an appeal under § 158.012(a).

appeal pursuant to § 158.012(a) involving federal claims, the case would also have been removable. See Caldera v. County of El Paso, Tex., 520 F.Supp.2d 846, 854 (W.D. Tex. 2007) (noting that the defendant properly removed a state-court appeal under § 158.012(a)).[3] Regardless of the characterization of Diaz's state-court petition, the embedded constitutional and § 1983 claims provided an "objectively reasonable basis for seeking removal." See Martin, 546 U.S. at 141.

Thus, the district court erred in focusing on the County Defendants' subsequent motion to dismiss. Any inconsistencies between the removal motion and the motion to dismiss are not relevant to the award of attorney's fees under § 1447(c). We look only to the objective merits of removal at the time of removal; we do not consider the defendants' motives. Valdes, 199 F.3d at 292–93. Because the state-court petition contained "an objectively reasonable basis for seeking removal," the district court abused its discretion in awarding attorney's fees under § 1447(c). See Martin, 546 U.S. at 141.

For the foregoing reasons, the district court's award of attorney's fees is VACATED.

---

[3] Although this Court has not explicitly addressed the removal of § 158.012(a) appeals filed in state court, we have consistently assumed that such removals are proper. See Gray v. Bexar County Sheriff's Civil Service Comm'n, 129 F.3d 610, *2 (5th Cir. 1997) (affirming the district court's decision after removal of the state-court appeal) (unpublished); James v. City of Houston Texas, 48 Fed.Appx. 916, *3 (5th Cir. 2002) (acknowledging that the district court removed both the federal claims and the state-law claim to review the Commission's decision). The parties identify no authority suggesting that removal of § 158.012(a) appeals involving federal questions is improper.