**Mario ALBA, Appellant,**

v.

**NUECES COUNTY SHERIFF'S DE- PARTMENT, Sheriff Larry Olivarez in his Official Capacity, and The Nueces County Civil Service Commis- sion, Appellees.**

**No. 13-01-00307-CV.**

Court of Appeals of Texas, Corpus Christi-Edinburg.

Sept. 12, 2002.

Kim Cox, Corpus Christi, for appellant.

Deborah Rudder, Assistant County At- torney, Corpus Christi, for appellee.

Before Justices DORSEY, HINOJOSA, and RODRIGUEZ.

**OPINION**

FEDERICO G. HINOJOSA, Justice.

This is an appeal from the trial court's order granting the motion for summary judgment of appellees, Nueces County Sheriff's Department ("Sheriff's Depart- ment"), Sheriff Larry Olivarez in his offi- cial capacity ("Sheriff"), and the Nueces County Civil Service Commission ("Com- mission"). In a single issue, appellant, Mario Alba, contends the trial court erred in granting the motion. We affirm.

### A. BACKGROUND

On April 11, 2000, the Sheriff's Depart- ment terminated Alba's employment for disciplinary reasons.[1] Alba appealed his termination to the Commission. After a hearing, the Commission ordered that Alba be reinstated; however, it did not order that Alba be given back pay and

---

**1.** Alba was accused of assaulting an inmate, but he was never indicted.

benefits. Alba appealed the Commission's order to the trial court. Appellees filed a motion for summary judgment asserting that section 158.012 of the Texas Local Government Code did not allow Alba to appeal the Commission's decision to the trial court. The trial court granted the motion for summary judgment. Alba filed a motion for new trial, but it was denied.

### B.  SUMMARY JUDGMENT

In a traditional summary judgment proceeding, the appellate standard of review is whether the successful movant at the trial level carried his burden of showing there is no genuine issue of material fact and that the judgment should be granted as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). In determining whether the movant carried this burden, evidence favorable to the nonmovant must be taken as true. *Id.* at 548–49. The nonmovant must be given the benefit of all doubts and reasonable inferences. *Id.* at 549. To succeed on a summary judgment, a defendant must disprove as a matter of law one or more elements essential to the plaintiff's claims. *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex.1991). Alternatively, a defendant is entitled to summary judgment based on an affirmative defense if he proves conclusively all of the elements of the affirmative defense as a matter of law. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex. 1984).

### 1.  *Summary Judgment Evidence*

Alba sought recovery under section 158.012(a) of the local government code, which provides that "a county employee who, on a *final decision by the commission,* is *demoted, suspended,* or *removed* from the employee's position may appeal the decision by filing a petition in a district court in the county within 30 days after the date of the decision." TEX. LOC. GOV'T CODE ANN. § 158.012(a) (Vernon 1999) (emphasis added).

In their motion for summary judgment, appellees claimed that section 158.012 did not allow Alba to appeal the Commission's decision. As summary judgment evidence, appellees attached Alba's petition to their motion for summary judgment. Alba states in his petition that the Commission ordered he be reinstated. Appellees contend that reinstatement is not the equivalent of demotion, suspension, or removal, and that Alba's statement admits a fact contrary to his theory of recovery. As further summary judgment evidence, appellees attached an affidavit from the custodian of county records, wherein the custodian sets out that the Commission reinstated Alba.

### 2.  *Analysis*

In his response to appellees' motion for summary judgment, Alba stipulated there is no genuine issue of material fact in this case. Therefore, the only issue for this Court to consider is the legal interpretation of the facts and their proper application to the law. Since appellees moved for summary judgment on an affirmative defense, we need only consider if appellees proved their defense conclusively as a matter of law.

Section 158.012 allows an employee to appeal a decision of the Commission to a district court, if the Commission's final decision was demotion, suspension, or removal. *Id.* The Commission's final decision in Alba's case was reinstatement. Alba contends that the time period between his termination and reinstatement was the equivalent of a suspension as contemplated by the statute.

The cardinal rule of statutory construction is to discern and give effect to the intent of the acting body. *Rosenblatt v.*

*City of Houston,* 31 S.W.3d 399, 403 (Tex. App.-Corpus Christi 2000, pet. denied). We must first seek to discern that intent from the plain language of the statute. *Id.* We use the commonly understood, everyday meaning of the word "suspended" when interpreting the statute. *See* Tex. Gov't Code Ann. § 311.011 (Vernon Supp. 2002).

Black's Law Dictionary defines "suspension" in this context as "temporary withdrawal or cessation from employment *as distinguished from permanent severance accomplished by removal.*" Black's Law Dictionary 1447 (6th ed.1990) (emphasis added). According to this definition, a suspension has the following three characteristics: (1) the employee is removed from employment with the intent that the removal be temporary; (2) he is absent from employment for some period of time; and (3) he is reinstated, resuming his employment.

While Alba was absent from employment for some time, and was subsequently reinstated, his initial removal was intended to be permanent. Accordingly, we conclude Alba's termination, absence, and subsequent reinstatement is not the equivalent of a suspension.

When construing a statute, whether or not the statute is ambiguous on its face, we may consider such matters as the object sought to be attained by the statute. Tex. Gov't Code Ann. § 311.023 (Vernon Supp. 2002). Section 158.012 seeks to provide appellate review by a district court to those who receive an adverse order from the Commission, *i.e.*, demotion, suspension, or removal. Tex. Loc. Gov't Code Ann. § 158.012(a). According to the rules of construction, we presume the words "demoted," "suspended," and "removed" were intended to have meaning and purpose. *See Rosenblatt,* 31 S.W.3d at 403–04. Their inclusion, therefore, clearly eliminates the possibility that all orders from the Commission are appealable to the district court.

### C. CONCLUSION

Because the Commission's final decision did not demote, suspend, or remove Alba from his employment with the Sheriff's Department, we hold the trial court did not err in granting appellees' motion for summary judgment. Appellant's sole issue is overruled.

We affirm the trial court's order granting appellees' motion for summary judgment.