NUMBER 13-03-011-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
NUECES COUNTY, TEXAS, AND (FORMER)                                              
COMMISSIONER ROY HINOJOSA AND (FORMER)
COUNTY JUDGE RICHARD BORCHARD,                                Appellants,

v.

MARY THORNTON,                                                                       Appellee.



On appeal from the County Court at Law No. 2
of Nueces County, Texas.




MEMORANDUM OPINION

Before Justices Hinojosa, Castillo, and Wittig



 
Opinion by Justice Wittig

          This is an accelerated interlocutory appeal challenging the trial court’s subject
matter jurisdiction by invoking sovereign immunity. The appellants are Nueces County,
former county commissioner Roy Hinojosa, and former county judge Richard Borchard. 
The appellee is Mary Thornton. The trial court denied appellants’ plea to the jurisdiction,
motion to dismiss, and motion for partial summary judgment. Appellants bring an
interlocutory appeal from the trial court’s denial of their various motions. Appellee contests
our jurisdiction to entertain certain aspects of the appeal. We affirm in part, and reverse
in part, dismissing certain claims. We remand the case to the trial court for further
proceedings. 
                                                                  I
          Appellee was an employee of Nueces County, Commissioner Precinct 2, since
1991. Hinojosa was appointed to fill the unexpired term of the late Commissioner Berlanga
on April 15, 1996. From this date forward, the facts are hotly disputed. 
          Appellee alleged that on April 16, 1996, she was asked to engage in what she
considered to be illegal campaign activities on county time. These allegations are denied. 
According to appellee, after her refusal to perform the prohibited acts, she was terminated
and told to surrender her keys and identification card. Judge Borchard allegedly told
appellee her position was eliminated. 
          Appellee filed a grievance under the provisions of the Nueces County Civil Service
Commission (the Commission) Rules and Regulations. After a hearing on January 10,
1997, the Commission disingenuously found, appellee suggests, that she had not been
terminated but rather was wrongfully placed on vacation as of April 19, 1996. According
to the Commission ruling, appellee was to be reinstated on January 13, 1997. For stated
health reasons, appellee did not return to work and initiated this suit against appellants on
February 7, 1997. 
          Appellee’s petition was amended three times to expand and define the claims. The
claims consisted of five causes of action including: (1) wrongful termination and appeal
of the Commission decision; (2) damages for constitutional violations under 42 U.S.C.
§ 1983; (3) damages under the Whistleblower Act against the County; (4) damages under
Sabine Pilot against the County; and (5) intentional infliction of emotional distress against
the two individual appellants. Appellants’ various dilatory pleas were filed in response to
appellee’s fourth amended original petition. 
                                                                  II
          We review a trial court's ruling on a plea to the jurisdiction under a de novo standard
of review; subject matter jurisdiction is a question of law. Mayhew v. Town of Sunnyvale,
964 S.W.2d 922, 928 (Tex. 1998); Nueces County v. Ferguson, 97 S.W.3d 205, 213 (Tex.
App.–Corpus Christi 2002, no pet.); City of Fort Worth v. Robles, 51 S.W.3d 436, 439 (Tex.
App.–Fort Worth 2001, pet. denied). The appeal is limited to our review of the trial court's
ruling on the plea to the jurisdiction. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8)
(Vernon Supp. 2003); Ferguson, 97 S.W.3d at 213. To determine whether appellee has
affirmatively demonstrated the court's jurisdiction to hear the case, we consider the facts
alleged in the petition and, to the extent it is relevant to the jurisdictional issue, any
evidence submitted by the parties to the trial court. Tex. Natural Res. Conservation
Comm’n v. White, 46 S.W.3d 864, 868 (Tex. 2001); Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 555 (Tex. 2000). “Our task is not to decide the merits of the case but rather
to examine the claims in the pleadings, taking as true the facts pled, and determine
whether those facts support jurisdiction in the trial court.” Ferguson, 97 S.W.3d at 213; see
Baston v. City of Port Isabel, 49 S.W.3d 425, 427-28 (Tex. App.–Corpus Christi 2001, pet.
denied).
          As a general rule, government entities are immune from tort liability under the
doctrine of sovereign immunity unless the legislature has waived immunity. Dallas County
Mental Health & Mental Retardation v. Bossley, 968 S.W.2d 339, 341 (Tex. 1998). 
                                                                  III
          In its first issue, the County contends the trial court lacks subject matter jurisdiction
over appellee’s cause against the County for two reasons. First, the appeal of the
Commission ruling was brought in county court, not district court. Second, appellee was
not demoted, suspended, or removed by a final decision of the Commission. 
          According to the County, the trial court lacks jurisdiction because of the restrictions
of the local government code. That code provides that appeal of a civil service commission
decision is to the district court. Tex. Loc. Gov’t Code Ann. § 158.012 (Vernon 1999). 
Appellee filed her appeal in county court. 
          Appellee first counters that Nueces County courts have concurrent jurisdiction with
the district courts. She cites section 25.1802 of the government code. Tex. Gov’t Code
Ann. § 25.1802 (Vernon 2003). This section provides in part: “(a) In addition to the
jurisdiction provided by Section 25.0003 and other law, and except as limited by
Subsection (d), a county court at law in Nueces County has: (1) the jurisdiction provided
by the constitution and by general law for district courts.” Id. Appellee also cites
Continental Coffee Products Co. v. Cazarez, 937 S.W.2d 444, 447 (Tex. 1996) (there
exists nothing in the statutory language to indicate an intent to expressly limit jurisdiction
to district courts; therefore, the county court at law had subject matter jurisdiction). We
agree and hold the county court has jurisdiction as provided by the constitution and the
general laws for district courts. 
          The more difficult challenge, which appellee fails to overcome, is from the language
under section 158.012(a) limiting appellate review by a district (or here county) court to
those who receive an adverse order from the Commission, i.e., demotion, suspension, or
removal. Tex. Loc. Gov’t Code Ann. § 158.012(a) (Vernon 1999). The Commission ruling
at issue held appellee was wrongfully placed on vacation and that she was not terminated.
As correctly argued by the County,


 we already have specifically addressed this code
requirement that only certain orders from the Commission are appealable in Alba v.
Nueces County Sheriff's Department, 89 S.W.3d 132, 134 (Tex. App.–Corpus Christi 2002,
pet. denied). There we held, according to the rules of construction, that we presume the
words “demoted,” “suspended,” and “removed” were intended to have meaning and
purpose. Id. “Their inclusion, therefore, clearly eliminates the possibility that all orders
from the Commission are appealable to the district court.” Id. Because the Commission's
final decision did not demote, suspend, or remove appellee from employment with the
County, we hold that the trial court erred in not granting the County’s plea to the
jurisdiction, insofar as the appeal of the Commission’s decision is concerned. See id. 
          In the second issue, all three appellants assert the trial court lacks subject matter
jurisdiction to entertain appellee’s section 1983 claims. Appellants first rely upon Quern
v. Jordan, 440 U.S. 332, 341 (1979) (section 1983 does not abrogate the states’ sovereign
immunity). However, Quern dealt with a state’s immunity from suit under the Eleventh
Amendment of the United States Constitution. Id. at 340. Appellants also argue from
Kimel v. Florida Board of Regents, 528 U.S. 62, 82-83 (2000) (Congress may not abrogate
a state’s sovereign immunity by use of federal statute even in presence of congressional
intent to do so under the Fourteenth Amendment). However, once again, Kimel dealt with
an Eleventh Amendment issue and specifically holds that the ADEA does not validly
abrogate the states' sovereign immunity from suit in federal court.


 Id. at 96. The federal
district court’s dismissal of the state was thus approved. Id. Quizzically, appellants cite
Hafer v. Melo, 502 U.S. 21 (1991). Our reading of that case shows that state officials,
sued in their individual capacities, are "persons" within the meaning of section 1983. Id.
at 31. “The Eleventh Amendment does not bar such suits, nor are state officers absolutely
immune from personal liability under § 1983 solely by virtue of the ‘official’ nature of their
acts.” Id. 
          Further, appellants’ chief authority Quern approved Monell, the cornerstone of
appellee’s argument. See Monell v. Dep’t of Soc. Servs., 436 U.S. 658, 690-91 (1978). 
Monell specifically holds that local governments are persons and may be liable under 
section 1983. Id. 
Our analysis of the legislative history of the Civil Rights Act of 1871 compels
the conclusion that Congress did intend municipalities and other local
government units to be included among those persons to whom § 1983
applies. Local governing bodies, therefore, can be sued directly under
§ 1983 for monetary, declaratory, or injunctive relief where, as here, the
action that is alleged to be unconstitutional implements or executes a policy
statement, ordinance, regulation, or decision officially adopted and
promulgated by that body's officers. Moreover, although the touchstone of
the § 1983 action against a government body is an allegation that official
policy is responsible for a deprivation of rights protected by the Constitution,
local governments, like every other § 1983 "person," by the very terms of the
statute, may be sued for constitutional deprivations visited pursuant to
governmental "custom" even though such a custom has not received formal
approval through the body's official decisionmaking channels. As Mr. Justice
Harlan, writing for the Court, said in Adickes v. S. H. Kress & Co., 398 U.S.
144, 167-168, 90 S.Ct. 1598, 1613, 26 L.Ed.2d 142 (1970): "Congress
included customs and usages [in § 1983] because of the persistent and
widespread discriminatory practices of state officials . . . . Although not
authorized by written law, such practices of state officials could well be so
permanent and well settled as to constitute a ‘custom or usage’ with the force
of law.” Id. 
          Appellee also argues that a state court should not refuse to hear a section 1983
claim. She cites Thomas v. Allen, 837 S.W.2d 631, 632 (Tex. 1992) (state court may not
deny a federal right when the parties and controversy are properly before it in the absence
of a “valid excuse”). Specifically, a state court cannot refuse to hear such a claim on the
general basis of sovereign immunity. Id.; cf. Tex. Dep’t of Pub. Safety v. Petta, 44 S.W.3d
575, 581-82 (Tex. 2001) (the state and its employees sued in their official capacity are not
“persons” who may be sued under section 1983; trial court may grant summary judgment
on sovereign immunity after case is developed). 
          Our own research brings us to Forrester v. White, 484 U.S. 219, 230 (1988). There
the United States Supreme Court held that a state judge was “not entitled to absolute
immunity for his decisions to demote and discharge Forrester.”


 Id. Accordingly that case
was remanded to the trial court for further proceedings. Id. We believe Monell, Thomas,
and Forrester, are controlling.



          Here, appellants assert that a party cannot bring a claim directly under constitutional
amendments, but must go through a separate federal statute. This is precisely what
appellee did.
[W]e note that Congress has provided a means of seeking relief against
state officials who violate the Constitution. In pertinent part, 42 U.S.C.A.
§ 1983 states that any person, acting under color of state law, who deprives
a United States citizen "of any rights, privileges, or immunities secured by the
Constitution" shall be liable to such citizen. Without intimating any views on
the merits of appellant's due process claim, we note that no attempt has
been made to invoke the protection of § 1983. It adds nothing to appellant's
case to assume that a suit under § 1983 would be subject to defenses
unique to the agency and its officials, for such defenses would also be
available in the hypothetical implied Fourteenth Amendment cause of action.
With these observations, we hold that appellant's complaint is fatally
defective in that it fails to state a claim upon which relief may be granted.

Hearth, Inc. v. Dep’t of Pub. Welfare, 617 F.2d 381, 382-83 (5th Cir. 1980). We must
construe the pleadings in the appellee’s favor and look to her intent. County of Cameron
v. Brown, 80 S.W.3d 549, 555 (Tex. 2002); Peek v. Equip. Serv. Co. of San Antonio, 779
S.W.2d 802, 804 (Tex. 1989). Because appellee properly invoked the subject matter
jurisdiction of the trial court, appellants’ second issue is overruled. 
          In the third issue, appellants contend that appellee failed to timely file a grievance
within ninety days of a “constructive discharge.” The record reflects otherwise. Appellee
formally complained to the Commission less than a month after her alleged discharge. 
          Appellants further contend that in order to establish a waiver of governmental
immunity, appellee must plead and prove that appellee made a report to appropriate law
enforcement. See Tex. Gov’t Code Ann. § 554.002 (Vernon Supp. 2003). We agree. 
See Tex. Dep’t of Transp. v. Needham, 82 S.W.3d 314, 321-22 (Tex. 2002). However,
once again, the record reveals such a pleading on page nine of appellee’s fourth amended
original petition. In deciding a plea to the jurisdiction, a court may not weigh the claims'
merits but must consider only the plaintiff’s pleadings and the evidence pertinent to the
jurisdictional inquiry. White, 46 S.W.3d at 868. 
          The third prong of appellants’ issue three alleges that no suit was filed within ninety
days as required by law. See Tex. Gov’t Code Ann. § 554.005 (Vernon 1994). Appellee
argues that her original petition, timely filed, alleged that the county’s termination of her
was in direct violation of Texas statutory and common law. Indeed, paragraph four of the
original petition makes such a claim. Given that the time used by an employee acting
under the grievance or appeal procedures is excluded, we do not believe this defense has
merit. See Tex. Gov’t Code Ann. § 554.006(c) (Vernon Supp. 2003); see also Tex. Civ. 
Prac. & Rem. Code Ann. § 16.068 (Vernon 1997). In any event, there is serious question
whether a limitations question may be entertained by interlocutory appeal. See Univ. of
Houston v. Elthon, 9 S.W.3d 351, 356 (Tex. App.–Hous. [14th Dist.] 1999, pet. dism’d
w.o.j.). But see Gregg County v. Farrar, 933 S.W.2d 769, 775 (Tex. App.–Austin 1996, writ
denied) (language in the Whistleblower Act, "exhaust any applicable grievance or appeal
procedures,” requires the employee to utilize all procedures in place for resolving disputes
at the governmental entity, whether they are denominated "grievance" procedures or
"appeal" procedures). Appellants’ third issue is overruled.
          In the fourth issue, the County argues the lack of subject matter jurisdiction for
appellee’s Sabine Pilot claim. See Sabine Pilot Serv., Inc. v. Hauck, 687 S.W.2d 733 (Tex.
1985). It cites Salazar v. Lopez, 88 S.W.3d 351, 353 (Tex. App.–San Antonio 2002, no
pet.). Salazar acknowledges the exception to the employment-at-will doctrine under
Sabine Pilot, but holds this exception does not waive sovereign immunity. Id. (citing Univ.
of Tex. Med. Branch at Galveston v. Hohman, 6 S.W.3d 767, 777 (Tex. App.–Houston [1st
Dist.] 1999, pet. dism'd w.o.j.), Carroll v. Black, 938 S.W.2d 134, 135 (Tex. App.–Waco
1996, writ denied), and Redmon v. Dallas Area Rapid Transit, No. 3:00-CV-0218-R, 2001
WL 182849, at *1 (N.D. Tex. Jan. 22, 2001)). We agree. Appellant’s fourth issue is
sustained.
          In their final issue, the two individual appellants assert there is no legislative consent
to bring a claim for damages for intentional infliction of emotional distress. Appellee
asserts, and the pleadings reflect, this is a claim against Judge Borchard and Hinojosa in
their individual capacities. Persons sued in their individual capacities may not rely on
sovereign immunity protections for claims against them in that capacity, although they may
assert the defense of official immunity. Ferguson, 97 S.W.3d at 215 (citing Gonzalez v.
Avalos, 866 S.W.2d 346, 349 (Tex. App.–El Paso 1993, writ dism'd w.o.j.)). This issue is
overruled.
IV
          We reverse the trial court’s order denying appellants’ pleas to the jurisdiction on
both the appeal from the Commission decision of January 13, 1997 and the Sabine Pilot
claims. These claims are hereby dismissed, without prejudice, for want of jurisdiction. 
Appellants’ remaining issues are overruled and the case is remanded to the trial court for
further proceedings. 
                                                                                       
                                                                                      Don Wittig
                                                                                      Justice

Opinion delivered and filed
this 4th day of March, 2004.