

# NUMBER 13-12-00516-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JUAN JESUS CANTU AND
MARIA YOLANDA CANTU,                                        **Appellants,**

**v.**

ZAR-MAT PROPERTIES, A TEXAS
GENERAL PARTNERSHIP, JOSE RUBEN
MATA, AND ZARAGOSA HINOJOSA JR.,                            **Appellees.**

On appeal from the County Court at Law No. 7
of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion by Justice Rodriguez**

Appellants, Juan Jesus Cantu and Maria Yolanda Cantu, complain in this appeal

of a November 30, 2009 order granting summary judgment in favor of appellees, Zar-Mat

Properties, a Texas General Partnership, Jose Ruben Mata, and Zaragosa Hinojosa, Jr. (collectively Zar-Mat), on the Cantus' claims that Zar-Mat violated the Truth in Lending Act (TILA) by failing to provide them with truth-in-lending disclosures pursuant to Regulation Z, *see* 12 C.F.R. § 226.1–.59 (2014); *see also* 15 U.S.C.A. § 1640 (West, Westlaw through P.L. 113-74), and conspired to commit fraud. By two issues, which we have reorganized, the Cantus contend that (1) the trial court erred in granting a traditional summary judgment in favor of Zar-Mat on their TILA claim, and (2) even if the trial court did not err in granting summary judgment on the TILA claim, it erred in dismissing all of their claims.

Cross-appellant, Zar-Mat, complains by cross-appeal of the July 20, 2012 final summary judgment, which in effect granted summary judgment in favor of cross-appellees, the Cantus, on Zar-Mat's forcible entry and detainer action against the Cantus. By sixteen issues, which we have regrouped as two, Zar-Mat contends that (1) the form of the Cantus' no-evidence summary judgment motion on its forcible entry and detainer action was not proper, and (2) Zar-Mat produced evidence that created a fact issue, thus, defeating the Cantus' no-evidence motion.

We affirm in part and reverse and remand in part.

## I. BACKGROUND

The real estate transaction that forms the basis of this lawsuit occurred on February 1, 2005, when the Cantus bought a home from Zar-Mat for $49,500. They paid $3,000 in cash and gave Zar-Mat a promissory note for $46,500. Attorney Eduardo Cantu assisted Zar-Mat with the transaction. The Cantus defaulted on the note, and Zar-

2

Mat conducted a non-judicial foreclosure to obtain title to the property.

On February 21, 2006, Zar-Mat filed a forcible entry and detainer action against the Cantus in justice court, and on February 28, 2006, the Cantus answered. On March 28, 2006, the Cantus filed suit against Zar-Mat in an Hidalgo County Court at Law. In this suit, the Cantus challenged the foreclosure on the basis of (1) an alleged violation of the truth-in-lending disclosure provision of Regulation Z and (2) a conspiracy by Mata and Hinojosa "to accomplish said sale transaction by unlawful means; namely, by means that violated Regulation Z," and "by means that involved [a] false and fraudulent report" where "Zar-Mat understated the sales price associated with said sale transaction by $10,000."[1]

---

[1] In relevant part, the Cantus' petition provided the following:

In connection with [the real estate sales] transaction, Zar-Mat was required to provide to [the Cantus] truth-in-lending disclosures, pursuant to Regulation Z, 12 CFR § 226.1, *et seq.*

Zar-Mat failed to provide [the Cantus] with said truth-in-lending disclosures, as required by Regulation Z.

Zar-Mat therefore became liable to [the Cantus], pursuant to 15 U.S.C. Section 1640, for twice the amount of the finance charge, or $113,326, plus reasonable attorney's fees and court costs, as of the date of the closing of said sale transaction, 2-1-05.

. . . .

As proximate results of Zar-Mat's wrongful foreclosure upon the Property, [the Cantus] sustained mental anguish and pecuniary damages associated with defending the [Forcible Entry and Detainer] Suit, which are within the jurisdictional limits of the [c]ourt.

. . . .

Zar-Mat's debt to [the Cantus], of twice the amount of the subject finance charge, was a liquidated debt from and after 2-1-05. When [the Cantus] stopped making monthly payments to Zar-Mat, [the Cantus] had a common-law right to setoff their mortgage debt to Zar-Mat against Zar-Mat's liquidated debt to [the Cantus]. Zar-Mat's foreclosure upon the Property was therefore wrongful, because not supported by a valid debt.

. . . .

Mata and Hinojosa[, general partners of Zar-Mat,] conspired with each other, and with others, to accomplish said sale transaction by unlawful means; namely, by means that

3

Zar-Mat filed a general denial and asserted defenses of limitations and bona fide error. In April 2006, at the unopposed request of the Cantus, Zar-Mat's forcible entry and detainer action filed in the justice court was consolidated into the Cantus' TILA and conspiracy actions filed in the county court at law.

Zar-Mat subsequently sought traditional summary judgment on the Cantus' TILA claim, filing two motions. In its first motion, Zar-Mat moved for summary judgment on the affirmative defense of limitations. *See* 15 U.S.C.A. § 1640(e) (providing for a one-year limitations period). The trial court denied this motion. In its second motion, Zar-Mat repeated its limitation defense. In its defense, Zar-Mat also claimed that "[the Cantus] were not damaged in any way pursuant to the bona fide [error] exception found

---

violated Regulation Z. Such violation of Regulation Z amounted both to a civil wrong, pursuant to 15 U.S.C. Section 1640, and to a criminal wrong, pursuant to 15 U.S.C. Section 1611.

On account of such conspiracy, Zar-Mat, Mata and Hinojosa are liable to [the Cantus] for mental anguish damages, pecuniary damages and exemplary damages, which are within the jurisdictional limits of the [c]ourt.

In connection with said sale transaction, Zar-Mat issued a false and fraudulent report, in which Zar-Mat understated the sales price associated with said sale transaction by $10,000. Zar-Mat issued such false and fraudulent report for purposes of attempting to justify its under-reporting of revenue, profits, federal income tax liability and state sales tax liability, attempting to justify under-payment of federal income tax by Mata and Hinojosa, and attempting to justify under-payment of state sales tax by Zar-Mat.

Zar-Mat's false and fraudulent report, which indicated that [the Cantus'] tax basis in the Property was $39,500 rather than $49,500, in conjunction with said foreclosure sale price, falsely and fraudulently indicates to the U.S. Internal Revenue Service that [the Cantus] realized a gain upon the foreclosure sale of $5,500. Zar-Mat's false and fraudulent creation of evidence indicating to the U.S. Internal Revenue Service such a gain by [the Cantus] proximately caused [the Cantus] mental anguish and probable future pecuniary damages associated with defending against being assessed for and/or paying the associated federal income tax liability.

Mata and Hinojosa conspired with each other, and with others, to accomplish said sale transaction by unlawful means; namely, by means that involved said false and fraudulent report.

4

in 15 U.S.C. Section 1640(c)." *See* 15 U.S.C.A. § 1640(c).[2]  More specifically, Zar-Mat asserted that the bona fide error in posting an incorrect $10,000 tax basis figure was not actionable because it was "the result of a typographical error on the part of Mr. [Eduardo] Cantu's staff which prepared the 1099 form."  In addition, Zar-Mat argued that there were no genuine issues of material fact because, through the deposition testimony of Eduardo Cantu, it established that Zar-Mat "did not violate any disclosure reporting statute; did not intend to commit fraud, and did not commit fraud, upon the [Cantus]; and did not cause any damages to [the Cantus]."  In support of its motion, Zar-Mat filed the following:  (1) its answers; (2) Juan Jesus Cantu's affidavit with the promissory note attached; (3) a copy of section 1640 with its limitations and bona fide error language; and (4) the deposition transcript of Eduardo Cantu.

The Cantus filed a response.  As to Zar-Mat's limitations argument, the Cantus argued that pursuant to section 1640(e), their claim was not time barred because it was a recoupment claim in Zar-Mat's forcible entry and detainer action.[3]  *See id.* § 1640(e)

---

[2] Section 1640(c) provides the following:

> A creditor or assignee may not be held liable in any action brought under this section or section 1635 of this title for a violation of this subchapter if the creditor or assignee shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.  Examples of a bona fide error include, but are not limited to, clerical, calculation, computer malfunction and programing, and printing errors, except that an error of legal judgment with respect to a person's obligations under this subchapter is not a bona fide error.

15 U.S.C.A. § 1640(c) (West, Westlaw through P.L. 113-74).

[3] The Cantus also responded that their claim was not barred by limitations because it was a setoff claim in Zar-Mat's forcible entry and detainer action.  But they do not make this argument on appeal, and we do not address it.  *See* TEX. R. APP. P. 47.1 (providing that the opinion must address every issue raised and necessary to the final disposition of the appeal).

5

(providing that a person is not barred from asserting a TILA violation in an action to collect the debt which was brought more than one year from the date of the violation as a matter of defense by recoupment or setoff in such action, unless otherwise provided by State law). Regarding their TILA claim, the Cantus argued that (1) Zar-Mat did not meet its summary judgment burden of proof on the violation element; and (2) through the affidavit of Juan Jesus Cantu, they created a fact issue as to whether Zar-Mat violated Regulation Z by failing to make the required disclosures. As to damages, the Cantus argued that they provided summary judgment evidence to support a violation of Regulation Z, which, in turn, would provide for an award of statutory damages, costs, and reasonable attorneys' fees. *See* 12 C.F.R. § 226.1–.59. Finally, the Cantus responded that $10,000 error was not "bona fide" as defined by section 1640(c); instead, it was "an error of legal judgment with respect to a person's obligations under this subchapter." They argued that the error did not render Zar-Mat immune from liability.

On November 30, 2009, the trial court granted Zar-Mat's traditional motion for summary judgment and ordered that all causes of action against Zar-Mat be dismissed.[4] However, when the Cantus appealed from this judgment, we abated the appeal and asked the trial court to clarify its November 30 order. *See Cantu v. Zar-Mat Props.*, No. 13-10-00114-CV, 2010 WL 3389122, at *1 (Tex. App.—Corpus Christi, Aug. 30, 2010, pet. denied) (per curiam) (mem. op.). After the trial court determined that the November 30 order was interlocutory because it did not address Zar-Mat's forcible entry and detainer

---

[4] Later, the trial court dismissed, without prejudice, a third-party action Zar-Mat had filed against the law firm of Montalvo & Ramirez.

6

claims, we reinstated the appeal. *Id.* And concluding that this Court had no jurisdiction to consider the appeal because the Cantus were not appealing a final judgment, we dismissed the appeal for want of jurisdiction. *Id.*

In the trial court, the Cantus then moved for a no-evidence summary judgment in Zar-Mat's forcible entry and detainer action arguing that there was no evidence to support the following: (1) that Zar-Mat bought the subject real property at foreclosure sale; (2) that the foreclosure sale gave Zar-Mat a right superior to the Cantus' right to possession; or (3) that Zar-Mat made a statutorily proper demand for possession with its notice to vacate. *See* TEX. R. CIV. P. 166a(i); *see also* TEX. PROP. CODE ANN. § 24.002 (West, Westlaw through 2013 3d C.S.) (providing that a tenant by sufferance who refuses to surrender possession of real property on demand commits a forcible detainer and that the demand for possession must be made in writing by the party entitled to possession and must comply with the requirements for a notice to vacate under section 24.005 of the property code), § 24.005 (West, Westlaw through 2013 3d C.S.) (providing in relevant part that a claim for forcible detainer requires the plaintiff to prove that it gave written notice to vacate at least three days before filing a forcible detainer suit in person or by mail at the premises in question to the tenant at will or by sufferance).

Zar-Mat responded, asserting that the form of the Cantus' no-evidence motion was improper. Zar-Mat also claimed that it established that it had purchased the property, that it had a superior right to possession, and that Zar-Mat had properly demanded that the Cantus leave the premises. In support of its argument, Zar-Mat attached copies of the warranty deed with vendor's lien, the second lien deed of trust, the second lien real

7

estate lien note, and the foreclosure sale deed. It also attached a copy of Maria Cantu's deposition testimony, its verified petition, and Mata's affidavit. The Cantus filed objections to the verified petition and Mata's affidavit. The trial court sustained the Cantus' objections, effectively striking these documents from the summary judgment record. On July 20, 2012, the trial court granted final summary judgment in favor of the Cantus, ordering that Zar-Mat take nothing in their forcible entry and detainer action.

The Cantus appealed the November 30, 2009 order that granted a summary judgment in favor of Zar-Mat on the Cantus' claims and dismissed all of the Cantus' causes of action. And Zar-Mat cross-appealed the July 20, 2012 final summary judgment that, in effect, granted a no-evidence summary judgment in favor of the Cantus on Zar-Mat's forcible entry and detainer action.

## II. ZAR-MAT'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT

By their two appellate issues, the Cantus contend that the trial court erred (1) in granting summary judgment in favor of appellee Zar-Mat on their TILA claim and (2) in dismissing their claim of conspiracy to commit fraud.

### A. Standard of Review

We review a trial court's ruling on a summary judgment motion de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Alejandro v. Bell*, 84 S.W.3d 383, 390 (Tex. App.—Corpus Christi 2002, no pet.). In reviewing the granting of a traditional motion for summary judgment, we follow these well-established rules: (1) the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material

8

fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts must be resolved in favor of the nonmovant. *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). More specifically, a defendant, Zar-Mat in this case, can obtain a traditional summary judgment if it can disprove as a matter of law one or more elements essential to the plaintiff's claims, *see Alba v. Nueces County Sheriff's Dept.*, 89 S.W.3d 132, 133 (Tex. App.—Corpus Christi 2002, no pet.), or if it can establish each element of its affirmative defense. *See ABC, Inc. v. Shanks*, 1 S.W.3d 230, 234 (Tex. App.—Corpus Christi 1999, pet. denied). When the district court's order granting summary judgment does not specify the ground relied on for the ruling, as here, we will affirm summary judgment if any of the theories advanced are meritorious. *Beck v. Law Offices of Edwin J. (Ted) Terry, Jr., P.C.*, 284 S.W.3d 416, 425 (Tex. App.—Austin 2009, no pet.) (citing *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993)).

## B. TILA Claim

By their first issue, the Cantus challenge the summary judgment entered against them on their TILA claim. They argue that (1) Zar-Mat did not establish its limitations defense or its defense of "bona fide error," *see* 15 U.S.C.A. § 1640(b) (creating some suit-barring affirmative defenses for lenders, including, among others, bona fide errors and suits filed over one year after the alleged violations); and (2) Zar-Mat did not disprove as a matter of law one or more elements of their claim, specifically non-compliance or damages.

9

### 1. Applicable Law

Section 1640(a) creates a private right of action for certain violations of TILA. *See generally Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412–13 (1998) (discussing remedies provided by the TILA). "The [TILA] protects consumers from inaccurate and unfair credit practices." *Martin v. New Century Mortgage Co.*, 377 S.W.3d 79, 87 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (citing 15 U.S.C. § 1601(a)). "A violation occurs when credit is extended without the required disclosures." *Id.* (citing *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986); *Bittinger v. Wells Fargo Bank N.A.*, 744 F. Supp. 2d 619, 628 (S.D. Tex. 2010)). "A one-year statute of limitations governs claims brought under the Act, running from the date of each violation." *Id. (citing* 15 U.S.C.A. § 1640(e)). However, section 1640(e),

> does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or setoff in such action, except as otherwise provided by State law.

15 U.S.C.A. § 1640(e); *see Seidner v. Citibank (S. Dak.) N.A.*, 201 S.W.3d 332, 336–37 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (stating that "the thrust of subsection (e) is that a violation of the [TILA] can be raised as a defense by recoupment or set-off even after the one-year statute of limitations has expired on an affirmative claim for damages or penalties") (citing *Beach*, 523 U.S. at 412, 417–18) (discussing meaning of subsection (e))). In *Garza v. Allied Finance Co.*, we defined "recoupment" as a form of counterclaim that is "a demand arising from the same transaction as the plaintiff's claim." 566 S.W.2d 57, 62 (Tex. Civ. App.—Corpus Christi 1978, no writ); *see Seidner*, 201 S.W.3d at 337 (explaining that the defense of recoupment allows a defendant to deduct

any amounts accruing to him as a result of the same transaction that forms the basis of the action against him). "Although application of the recoupment defense will decrease the plaintiff's recovery, and may even wholly defeat any recovery, it does not act as an affirmative bar to the action." *Seidner*, 201 S.W.3d at 337. In *Garza*, we also distinguished "recoupment" from "offset," which we explained as a demand arising from "a transaction different than the one forming the basis of plaintiff's claim." 566 S.W.2d at 63.

### 2. Discussion

As to Zar-Mat's limitations defense, the Cantus' "second lien real estate lien note" is dated February 1, 2005. The Cantus filed their original petition on March 28, 2006— over one year after they obtained credit under the promissory note. As a result, limitations bars the Cantus' TILA claim. *See* 15 U.S.C.A. § 1640(e). Nonetheless, the Cantus assert that their claim is not time barred by limitations because it is a recoupment claim. *See id.* Yet, in this case, the Cantus, themselves, sued Zar-Mat for TILA violations; they did not assert recoupment as a defense to Zar-Mat's efforts to collect on a debt. *See Garza*, 566 S.W.2d at 62–63. And to the extent the Cantus are arguing that their alleged recoupment claim was in response to Zar-Mat's forcible entry and detainer action, the latter action did not seek to collect any amounts owing on the promissory note; it sought possession of the property. *See id.* at 62. In other words, Zar-Mat's action did not seek to recover on the underlying loan or any deficiency on the loan, which is a requirement for recoupment.[5] *See* 15 U.S.C.A. § 1640(e); *see also*

---

[5] We note that Zar-Mat did seek reasonable rental value of the property as an element of damages.

11

*Seidner*, 201 S.W.3d at 336–37; *Garza*, 566 S.W.2d at 62–63.   Under the facts of this case, we cannot conclude that recoupment applies.

Reviewing Zar-Mat's traditional motion for summary judgment de novo, *see Joachim*, 315 S.W.3d at 862; *Alejandro,* 84 S.W.3d at 390, we conclude that Zar-Mat is entitled to judgment as a matter of law on its limitations defense as to the Cantus' TILA claim.   *See Grinnell*, 951 S.W.2d at 425.   The trial court did not err in granting Zar-Mat summary judgment on that basis.   We overrule the Cantus' first issue.[6]

## C.  Conspiracy-to-Commit-Fraud Claim Not Addressed in Zar-Mat's Motion

By their second issue, the Cantus contend that even if the trial court correctly granted Zar-Mat summary judgment on their TILA claim, the court erred in dismissing their conspiracy-to-commit-fraud claim because Zar-Mat did not expressly address that cause of action in its motion for summary judgment.   *See Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997) (setting out that "[a] motion for summary judgment must itself expressly present the grounds upon which it is made, and must stand or fall on these grounds alone").   We agree.

In their petition, the Cantus claimed that in connection with the transaction that forms the basis of their claim, "Zar-Mat issued a false and fraudulent report, in which Zar-

---

[6] Having concluded that Zar-Mat established its limitations defense as to the Cantus' TILA claim, we need not address the summary judgment grounds the Cantus urged below and now on appeal—Zar-Mat did not disprove the non-compliance element or the damage element of their TILA claim and failed to establish its defense of "bona fide error" as to the TILA claim—as those grounds are not relevant to the disposition of this first appellate issue.   *See* TEX. R. APP. P. 47.1; *Beck v. Law Offices of Edwin J. (Ted) Terry, Jr., P.C.*, 284 S.W.3d 416, 425 (Tex. App.—Austin 2009, no pet.) (citing *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993) (explaining that when the district court's order granting summary judgment does not specify the ground relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious)).

Mat understated the sales price associated with said sale transaction by $10,000," and that "Mata and Hinojosa conspired with each other, and with others, to accomplish said sale[s] transaction by unlawful means; namely, by means that involved said false and fraudulent report." *See Operation Rescue–Nat'l v. Planned Parenthood of Houston & S.E. Tex., Inc.*, 975 S.W.2d 546, 553 (Tex. 1998) (describing a civil conspiracy as a combination by two or more persons to accomplish an unlawful purpose by unlawful means). Zar-Mat concedes that it did not address this claim in its motion and that the trial court should not have granted summary judgment on it. Yet Zar-Mat urges that "[summary judgment] may be granted on later pleaded causes of action if the grounds asserted in the motion show that the plaintiff could not recover from the defendant on the later pleaded causes of action." *See McIntyre V. Wilson*, 50 S.W.3d 674, 684–85 (Tex. App.—Dallas 2001, pet. denied).

Some courts of appeals have recognized a very limited exception to the general rule that a summary judgment must stand or fall on the grounds expressly presented in the motion, *see Science Spectrum*, 941 S.W.2d at 912, the application of which can be reduced to the following:

> (1) when the movant has conclusively proved or disproved a matter (usually corresponding to a claim's element or to an affirmative defense) that would also preclude the unaddressed claim as a matter of law[;] or
>
> (2) when the unaddressed claim is derivative of the addressed claim, and the movant proved its entitlement to summary judgment on that addressed claim.

*Wilson v. Davis*, 305 S.W.3d 57, 73 & n.13 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (reviewing how intermediate courts have applied the exception). Zar-Mat relies on the

13

second application. It argues that the trial court properly dismissed the conspiracy claim even though Zar-Mat did not challenge that claim in its summary-judgment motion because it was derivative of the alleged TILA violations, from which the Cantus suffered no harm and which were barred by limitations. *See Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996) (op. on reh'g) (explaining that conspiracy is considered a derivative tort because a defendant's liability depends upon its participation in some underlying tort for which the plaintiff seeks to hold the defendant liable). We are not persuaded by Zar-Mat's argument and conclude that neither application of the exception applies in this case.

First, the unaddressed liability theory or claim described by the Cantus as a conspiracy-to-commit-fraud claim is not derivative of the TILA claim because it is not dependent on a finding of liability under TILA. *See Wilson*, 305 S.W.3d at 74; *cf. Dubose v. Worker's Med., P.A.*, 117 S.W.3d 916, 922 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (concluding that the unaddressed causes of action in summary judgment motion were derivative of the addressed cause of action)*.* Second, the proof and arguments related to the elements of the TILA claim or to its defenses that support Zar-Mat's TILA summary-judgment ground do not fully address this conspiracy-to-commit-fraud allegation. *See Wilson*, 305 S.W.3d at 74; *cf. Smith v. Heard*, 980 S.W.2d 693, 697 (Tex. App.—San Antonio 1998, pet. denied) (determining that the summary judgment movant had conclusively disproven an ultimate fact that was central to the unaddressed causes of action).

We decline Zar-Mat's request to affirm the trial court's summary judgment on this remaining claim. Instead, we conclude that the trial court erred in rendering summary

judgment and dismissing the Cantus' conspiracy-to-commit-fraud claim.[7]   We sustain the

Cantus' second issue.

### III.   THE CANTUS' NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

By two issues, cross-appellant Zar-Mat contends:   (1) the form of cross-appellee

Cantus' no-evidence summary judgment motion challenging Zar-Mat's forcible entry and

detainer action was not proper; and (2) Zar-Mat produced evidence that created a fact

issue, thus defeating the Cantus' no-evidence motion.

### A.   Standard of Review and Applicable Law

As set out above, we review a summary judgment de novo.   *Joachim*, 315 S.W.3d

at 862; *Alejandro*, 84 S.W.3d at 390.   A no-evidence motion must specifically state the

elements for which there is no evidence.   TEX. R. CIV. P. 166(a)(i); *Timpte Indus., Inc. v.*

*Gish*, 286 S.W.3d 306, 310 (Tex. 2009).   The burden then shifts to the non-movant to

produce evidence raising a genuine issue of material fact on the elements specified in the

motion.   TEX. R. CIV. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex.

2006).

When reviewing a no-evidence summary judgment we consider all the evidence in

the light most favorable to the party against whom the trial court rendered summary

judgment, crediting evidence favorable to that party if reasonable jurors could and

disregarding contrary evidence unless reasonable jurors could not.   *Timpte Indus.*, 286

S.W.3d at 310; *see City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).   We

---

[7] We note that our conclusion is based solely on procedural grounds, and we express no opinion on the merits of the Cantus' conspiracy-to-commit-fraud claim.

indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

A trial court must grant a no-evidence motion for summary judgment unless the nonmovant produces more than a scintilla of summary judgment evidence to raise a genuine issue of material fact on the challenged elements. TEX. R. CIV. P. 166a(i) & cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam); *City of Keller*, 168 S.W.3d at 810; *Forbes, Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003). A nonmovant produces more than a scintilla of evidence when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004); *see City of Keller*, 168 S.W.3d at 827; *Forbes*, 124 S.W.3d at 172. A nonmovant produces no more than a scintilla when the evidence is so weak that it does no more than create a mere surmise or suspicion of a fact. *Forbes*, 124 S.W.3d at 172.

## B.   The Form of the Cantus' No-Evidence Motion

By its first issue, Zar-Mat argues that the Cantus' no-evidence summary judgment motion on its forcible entry and detainer action was not proper because it failed to comply with the requirements of such motion. More specifically Zar-Mat complains that the Cantus failed to (1) "identify the elements of a forcible entry and detainer action," and (2) "sufficiently identify which elements of this cause of action were unsupported by evidence."

### 1.   Identifying the Elements

In their motion for no-evidence summary judgment, the Cantus set out the

16

following:

> In order to establish the elements of Zar-Mat's forcible detainer cause of action, Zar-Mat must prove: (1) it bought the subject real property at a foreclosure sale; (2) [the Cantus] occupied the property at the time of foreclosure; (3) the foreclosure was of a lien superior to [the Cantus'] right to possession; (4) Zar-Mat made a statutorily proper demand for possession with its notice to vacate; and (5) [the Cantus] refused to surrender possession.

Through this paragraph, the Cantus clearly identified the elements of a forcible entry and detainer cause of action. *See* TEX. PROP. CODE ANN. § 24.001 (West, Westlaw through 2013 3d C.S.) (providing that forcible entry and detainer occurs if a person enters real property without legal authority and refuses to leave upon owner's demand).

### 2. Challenged Elements

The Cantus also provided the following grounds for their no-evidence motion:

> Pursuant to TRCP 166a(i), [the Cantus] move that Zar-Mat take nothing by its forcible detainer action herein, on the ground that there is no evidence to support a finding that Zar-Mat bought the subject real property at foreclosure sale.

> Pursuant to TRCP 166a(i), [the Cantus] further move that Zar-Mat take nothing by its forcible detainer action herein, on the ground that there is no evidence to support a finding that the foreclosure sale was of a lien superior to [the Cantus] right to possession.

> Pursuant to TRCP 166a(i), [the Cantus] further move that Zar-Mat take nothing by its forcible detainer action herein, on the ground that there is no evidence to support a finding that Zar-Mat made a statutorily proper demand for possession with its notice to vacate.

In sum, the Cantus stated the following elements for which they claimed there was no evidence, specifically the first, third, and fourth elements identified above: the property was bought at a foreclosure sale; the foreclosure was of a lien superior to the Cantus' right to possession; and Zar-Mat made a statutorily proper demand for possession with

17

its notice to vacate.[8]   *See* TEX. R. CIV. P. 166(a)(i) & cmt.; *Timpte Indus.,* 286 S.W.3d at 310.

### 3.  Summary

We cannot conclude that the Cantus' no-evidence motion was a conclusory or general no-evidence challenge to Zar-Mat's forcible entry detainer claim, as argued by Zar-Mat.   *See* TEX. R. CIV. P. 166(a)(i) cmt.   Instead, the Cantus defined the issues for summary judgment and provided Zar-Mat with adequate information for opposing the motion.   *See Timpte Indus.,* 286 S.W.3d at 310.   The motion complied with rule 166a(i). *See Brewer & Pritchard, P.C. v. Johnson*, 7 S.W.3d 862, 866 (Tex. App.—Houston [1st Dist.] 1999, no pet.).   Because the motion complied with the rule, the burden shifted to Zar-Mat to respond to the motion by producing more than a scintilla of evidence on each of the challenged elements.   *See id.*; *see also Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.).   We overrule Zar-Mat's first issue.

### C.  Zar-Mat's Evidence Filed in Response to the No-Evidence Motion

By its second issue, Zar-Mat contends that the evidence filed in response to the no-evidence motion provided some evidence of the complained-of elements.   As to this issue, we agree.

### 1.  Superior Right-to-Possession Through Foreclosure Sale

On appeal, regarding the first and third challenged elements, the Cantus do not

---

[8] The Cantus did not challenge the tenants-at-sufferance element in the motion, and we need not address it on appeal.   *See* TEX. R. APP. 47.1; *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997).

dispute that by attaching a copy of the trustee's deed to its summary judgment response, Zar-Mat produced some evidence that it had a superior right to possession through the foreclosure sale.

### 2. Notice/Demand Element

The Cantus also challenged the notice/demand element, the fourth element of Zar-Mat's forcible detainer claim, in their no-evidence motion. *See* TEX. PROP. CODE ANN. §§ 24.001, 24.005. In its response to this challenge, Zar-Mat attached Mata's affidavit to its response. Mata's affidavit set out that "[a]s I stated in the Petition, written notice to vacate the property made the basis of this suit and demand for possession of said property was given to [the Cantus] on February 07, 2006." Mata also verified the referenced petition and attached it to his affidavit. In the petition, at paragraph 5, Zar-mat stated that "Written notice to vacate and demand for possession was given on 2/7/06 in the following manner: sent by U.S. mail." The Cantus responded by filing objections to the above-referenced language in Mata's affidavit and in the verified pleading on the following bases: (1) "it lacks foundation" and is not competent because Mata lacked personal knowledge of the fact stated; (2) "it violates the best evidence rule, TRE 1002"; (3) "it amounts to a conclusion, which is not a necessary consequence of facts actually prov[en]." The trial court sustained each objection, effectively striking Zar-Mat's evidence of notice/demand from the summary judgment record, and granted the Cantus' no-evidence summary judgment. Now, on appeal, Zar-Mat contends that the trial court did not properly sustain the Cantus' objections to this evidence.

19

### a. Lack-of-Foundation/No-Personal-Knowledge Objection

We agree that the trial court erred in sustaining the Cantus' lack-of-foundation/no-personal-knowledge objection. In addition to the complained-of statements, Mata also avowed that he was a general partner of Zar-Mat. He stated that he had "personal knowledge of each and every statement [in Zar-Mat's response, which included the complained-of statements], by virtue of [his] position, and all such statements are true and correct." The Cantus did not object to these statements. The unchallenged statement that Mata was the general partner of Zar-Mat is sufficient to show how he learned of the facts about the notice—that is, to show that he had personal knowledge of the fact stated. *See Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 176 (Tex. App.—Dallas 2000, pet. denied).

### b. Best-Evidence Objection

We also agree that the trial court erred in sustaining the Cantus' objection that Zar-Mat's evidence was not the best evidence that it could have attached to its response.[9] "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required except as otherwise provided in these rules or by law." TEX. R. EVID. 1002. In other words, "[t]he best evidence rule requires the original writing only when the evidence is to prove the contents of the original writing." *Harris v. Varo, Inc.*, 814 S.W.2d 520, 523 (Tex. App.—Dallas 1991, no writ) (*Lotspeich v. Chance Vought Aircraft*, 369 S.W.2d 705, 711 (Tex. Civ. App.—Dallas 1963, writ ref'd n.r.e.) (holding that

---

[9] The Cantus generally objected that Zar-Mat's evidence violated the best evidence rule and referenced Texas Rule of Evidence 1002. *See* TEX. R. EVID. 1002.

"the affidavit was sufficient because all it purported to establish was the existence of a certain type of policy, not its contents")).

In this case, the Cantus argued in their no-evidence motion for summary judgment "that there [was] no evidence to support a finding that Zar-Mat made a statutorily proper demand for possession with its notice to vacate." By this argument, the Cantus appear to acknowledge that they received notice to vacate. They do not appear to be challenging the wording of the document, but rather the process by which Zar-Mat gave notice. *See* TEX. PROP. CODE ANN. § 24.001 (explaining that written demand for possession must comply with the requirements for a notice to vacate under section 24.005 of the property code); *id.* § 24.005 (requiring the plaintiff to prove that it gave written notice to vacate at least three days before filing a forcible detainer suit in person or by mail at the premises in question to the tenant at will or by sufferance). "[E]vidence to the effect that a certain document is in existence, or as to its execution, or delivery, is not within the rule and may be given without producing the document." *Lotspeich*, 369 S.W.2d at 711 (internal quotations omitted). The challenged portions of Mata's affidavit and Zar-Mat's verified petition provided evidence to the effect that the written notice to vacate and demand for possession was delivered to the Cantus on February 7, 2006 by U.S. mail, so was not within the rule and may be given without producing the document. *See id.*

### c. Conclusory Objection

Finally, we agree that the trial court erred in sustaining the Cantus' objection that Zar-Mat's evidence amounted "to a conclusion, which is not a necessary consequence of

21

facts actually prov[en]."   A conclusory statement "is one that does not provide the underlying facts to support the conclusion."   *See Rizkallah v. Conner*, 952 S.W.2d 580, 587 (Tex. App.—Houston [1st Dist.] 1997, no writ) (citing *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (per curiam)); *see also AMS Constr. Co. v. Warm Springs Rehab. Found.*, 94 S.W.3d 152, 157 (Tex. App.—Corpus Christi 2002, no pet.).   Here, the challenged statements are not conclusory.

Conclusory testimony is that which offers nothing more than a legal conclusion.  *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex. 1991) (op. on reh'g) (per curiam); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *Hou-Tex, Inc. v. Landmark Graphics*, 26 S.W.3d 103, 112 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *Rizkallah*, 952 S.W.2d at 587.   Through Mata's affidavit, Zar-Mat provided the following underlying facts in support of the conclusion that it made a proper demand for possession: (1) Mata was Zar-Mat's general partner with personal knowledge of the facts stated in Zar-Mat's response to the Cantus' no-evidence motion for summary judgment; (2) Zar-Mat gave the Cantus written notice to vacate of the subject property; (3) Zar-Mat gave the Cantus a demand for possession of the subject property; (4) Zar-Mat gave written notice and demand for possession on February 7, 2006; and (5) in this lawsuit, the Cantus were served at the property.   *See Brown v. Brown*, 145 S.W.3d 745, 751 (Tex. App.—Dallas 2004, pet. denied) (citations omitted) ("A conclusory statement is one that does not provide the underlying facts to support the conclusion.").   This is more than the legal conclusion, if any, that Zar-Mat gave a demand for possession with its written notice.

22

### 3. Summary

Considering all the above evidence in the light most favorable to Zar-Mat, indulging every reasonable inference, and resolving any doubts in its favor, we conclude that there was more than a scintilla of evidence supporting the challenged elements of Zar-Mat's forcible entry and detainer action. *See Timpte Indus.,* 286 S.W.3d at 310; *Parker,* 249 S.W.3d at 399. Because Zar-Mat produced evidence raising genuine issues of material fact on the elements specified in the Cantus' no-evidence motion for summary judgment, the trial court erred in granting it. *See* TEX. R. CIV. P. 166a(i); *Mack Trucks,* 206 S.W3d at 582. We sustain Zar-Mat's second issue.

## IV. CONCLUSION

We affirm the judgment in part, as to the Cantus' TILA claims. We reverse the judgment in part, as to the Cantus' conspiracy-to-commit fraud claim and Zar-Mat's forcible entry and detainer action and remand for proceedings consistent with this opinion.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
8th day of May, 2014.

23